# SEALED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

        Defendants,

SHEETAL SINGH and CONSTANTINA CELICOURT,

        Relief Defendants.

_____/

CASE NO.:

**UNDER SEAL**

### PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S EMERGENCY *EX PARTE* MOTION AND MEMORANDUM OF LAW FOR APPOINTMENT OF RECEIVER

Plaintiff Securities and Exchange Commission (the "Commission") moves for an Order appointing a Receiver over Defendant Royal Bengal Logistics, Inc. ("RBL"), with full and exclusive power, duty, and authority to: administer and manage the business affairs, funds, tangible and intangible assets, choses in action, and any other property of RBL; marshal and safeguard RBL's assets; and take whatever actions are necessary for the protection of defrauded investors in this case.

### I.    **FACTUAL BACKGROUND**

The Commission incorporates the factual discussion in its Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief and Memorandum of Law ("TRO Motion").

## II.   APPOINTMENT OF A RECEIVER OVER RBL IS APPROPRIATE

A receivership is an equitable remedy that federal courts routinely enlist to effectuate the remedial purposes of the securities laws. *See, e.g., SEC v. First Fin. Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981) ("the appointment of a receiver is a well-established equitable remedy available to the SEC in its civil enforcement proceedings"); *see generally* Section 21(d)(5) of the Securities Exchange Act of 1934, 15 U.S.C. §78u(d)(5) ("In any action . . . brought . . . by the Commission under any provision of the securities laws, the Commission may seek, and any Federal Court may grant, any equitable relief that may be appropriate or necessary for the benefit of investors."). Appointing a receiver is particularly appropriate in cases where a defendant, through its management, has defrauded members of the investing public. *First Fin.*, 645 F.2d at 438. In such cases, without the appointment of a receiver to maintain the status quo, the investor assets will be subject to diversion and waste to the detriment of those who were induced to invest in the scheme. *Id.*; *see also SEC v. R.J. Allen & Assocs., Inc.*, 386 F. Supp. 866, 878 (S.D. Fla. 1974). A receiver is appropriate to protect the public interest when it is obvious that those in control of an entity who have inflicted serious detriment in the past must be ousted. *SEC v. Bowler*, 427 F.2d 190, 198 (4th Cir. 1970).

As detailed in the TRO Motion, Defendants RBL, a trucking and logistics company headquartered in Coral Springs, Florida, and its principal, Sanjay Singh ("Singh") (collectively, "Defendants"), have been operating a Ponzi scheme and offering fraud targeting Haitian-Americans in the South Florida community. Defendants are offering high-yield investments through four investment programs, promising investors "guaranteed" returns ranging from 12.5% to 325%, and have raised approximately $112 million from 1,500 investors. In connection with the offerings, Defendants have made material misrepresentations and omissions about, among other things, the safety and profitability of these investments, the success of RBL's business, the

2

number of semi-trucks in its fleet, and the use of investor funds. Defendants have used $70 million to make Ponzi-like payments of "returns" and redemptions to prior investors. Singh has misappropriated millions and diverted at least $19 million of RBL funds to brokerage accounts he controlled. A Court-appointed Receiver over RBL is necessary to attempt to trace and recover investor funds, marshal assets of the company, including those improperly diverted to Relief Defendants and other third parties, and to fairly distribute investor funds and act in the best interest of investors. Those tasks clearly cannot be left to Singh, who remains in control of RBL and who is responsible for the fraud. A receiver is also needed to evaluate the businesses operated by RBL and determine whether they should be liquidated.

### III.   THE COMMISSION'S RECEIVER RECOMMENDATION

The Commission's staff has solicited expressions of interest from three potential receivers it believes are well-suited to handle this matter, and attaches the credentials of these candidates as Exhibits "A," "B," and "C" to this motion. After considering these candidates, the Commission's staff believes the interests of defrauded investors would best be served by the appointment of Jeffrey L. Cox, Esq. to serve as Receiver over RBL. Mr. Cox, whose credentials are attached as Exhibit A, is a partner with the law firm of Sallah Astarita & Cox, LLC ("Sallah Astarita"). Mr. Cox has over twenty years of experience in securities and receivership litigation, having served as counsel to the receivers appointed in several SEC enforcement cases involving multi-million dollar offering frauds. Prior to joining Sallah Astarita, Mr. Cox served as SEC Senior Counsel with the Division of Enforcement, during which he litigated numerous cases involving federal receiverships, and also served as Assistant United States Attorney assigned to Economic Crimes at the U.S. Attorney's office in Miami.

If appointed as Receiver, Mr. Cox will utilize attorneys at Sallah Astarita, relying primarily on James D. Sallah and Patrick Rengstl to assist him as counsel in this matter. Mr. Sallah has

extensive experience serving as a court-appointed receiver in SEC and CFTC cases, and as counsel to a court-appointed receiver. Mr. Rengstl has significant experience in fraudulent transfer cases, and the administration of many SEC, CFTC, and FTC receiverships.

Mr. Cox has agreed to significantly discount his current hourly rate to $350 an hour, which represents a 50% discount from the $700 hourly rate he typically charges to regular clients. Mr. Cox has also agreed to discount the billing rates for his professionals by 25 to 50%, billing an hourly rate of $350 for Mr. Sallah and Mr. Rengstl, $225 for associates, and $75 to $125 for paralegals. Finally, Mr. Cox has informed the Commission that the Sallah Astarita team has no conflicts of interest in this matter and is ready, willing, and able to serve as Receiver and as counsel to the Receiver in this case.

Therefore, the Commission recommends Mr. Cox, who has the capability and experience necessary to carry out the tasks of the Receiver and has indicated a willingness to serve. As the Commission indicated previously, the Commission has identified two other well-qualified candidates who have no conflicts of interest. Accordingly, if the Court does not agree with the Commission's recommendation, the Commission suggests the Court consider the alternative candidates whose credentials are attached.

## **CONCLUSION**

For the foregoing reasons, the Commission requests that the Court grant its request for the appointment of Jeffrey L. Cox, as Receiver of RBL, and enter the accompanying Order Appointing Receiver.

June 20, 2023                                  Respectfully submitted,

Russell R. O'Brien
Trial Counsel
Florida Bar No. 084542

Direct Dial: (305) 982-6341
Email: obrienru@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131

# EXHIBIT A

# SALLAH ASTARITA ⟨⟨ COX
### LLC

3010 North Military Trail, Suite 210 | Boca Raton, Florida 33431
Phone: (561) 989-9080 | Fax: (561) 989-9020 | www.sallahlaw.com

ATTORNEYS AT LAW    Florida | New York | New Jersey

June 16, 2023

**VIA ELECTRONIC MAIL**

Teresa Verges, Esq.
Regional Trial Counsel
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Email: VergesT@SEC.GOV

**Re:    Potential Receivership**

Dear Ms. Verges:

I would be honored to serve as a court-appointed receiver in any U.S. Securities and Exchange Commission ("SEC") enforcement action. I respectfully submit this proposal for your office's consideration.

### Experience and Qualifications

My background is well-suited to serve as a court-appointed receiver. A copy of my resume is attached for your consideration. I have extensive experience in securities and receivership matters. As my resume reflects, I served as a SEC Senior Counsel with the Division of Enforcement, a Special Assistant United States Attorney for the SEC responsible for criminally prosecuting parallel SEC cases, and an Assistant United States Attorney assigned to the Economic Crimes section of the U.S. Attorney's Office in Miami.

Since entering private practice, I have been recognized by my peers with an AV-Preeminent rating through *Martindale-Hubbell*, in *Florida Trend's Florida Legal Elite*, in *South Florida Legal Guide*, and as a *Florida Super Lawyer*. I am currently an adjunct professor at The Florida International University College of Law where I teach two classes: *SEC Investigations: Insider Trading, Ponzi Schemes, and Stock Manipulations* as well as *White Collar Crime*.

For more than 20 years, I have been privileged during my career to work on numerous receivership-related matters in the Southern District of Florida, including, among others:

➢ *SEC v. JCS Enterprises, Inc., et al.,* (S.D. Fla. Case No. 14-CV-80468-DMM). I served as lead counsel to the Receiver in an $80 million Ponzi scheme before the Honorable Donald M. Middlebrooks, which resulted in the filing of more than 100 third-party claims and substantial returns of approximately 58% to investor victims);

Teresa Verges, Esq.
June 16, 2023
Page 2 of 6

> *FTC v. Student Debt Doctor, LLC, et al.*, (S.D. Fla. Case No. 17-CV-61973-WPD). I served as counsel to the Receiver in a deceptive debt recovery scheme involving approximately 30,000 consumers and losses of $14 million before the Honorable William P. Dimitrouleas;

> *Goertz v. Stocket Inc., et al.*, (15th Judicial Circuit, Palm Beach County, Florida, Case No. 50-2018-CA-011965-MB). I served, and continue to serve, as counsel to the Receiver in connection with a $20 million fraud that resulted in an SEC enforcement case and criminal indictments;

> *SEC v. Sunstate FX, Inc., et al.*, (S.D. Fla. Case No. 01-CV-8328-Ryskamp). I served as SEC counsel in an emergency action that halted a $54 million scheme in the Forex market and obtained a Receiver;

> *SEC v. Americash-Inc.com Inc., et al.* and *SEC v. Virtual Case Card LLC, et al.* (S.D. Fla. Case No. 02-CV-80457-Hurley). I served as SEC counsel in two emergency cases that halted multi-million-dollar cash advance schemes and obtained a Receiver; and

> *SEC v. Mutual Benefits Corp., et al.*, (S.D. Fla. Case No. 04-CV-60573-Moreno). I served as SEC counsel in an emergency action with a Receiver that involved viatical life settlements and losses of more than $95 million to more than 28,000 investors.

In addition to having trial experience in securities cases, I have personally halted an ongoing Ponzi scheme on behalf of clients in state court. In *Imbesi, et al. v. Elia, et al.* (17th Judicial Circuit Court, Broward County, Florida, Case No. 11025963(02)), I obtained an *ex-parte* temporary injunction and asset freeze on an emergency basis for victim-investors in a case that resulted in judgments totaling more than $2.6 million for my clients. My work also resulted in an SEC enforcement case and a federal criminal prosecution against the scheme perpetrator.

As a result, my firm and I have collectively recovered tens of millions of dollars for the benefit of victim investors and creditors. I understand first-hand a receiver's need to gather, pursue, preserve, and distribute assets and funds to those rightly entitled to them as efficiently and economically as possible.

### **Proposed Legal Professionals**

i.   <u>Sallah Astarita & Cox, LLC</u>

For legal services, I propose to retain my firm, Sallah Astarita & Cox, LLC, which is principally located in Boca Raton, Florida and has offices in Miami, New Jersey, and New York. The firm's lawyers in the Boca Raton office primarily focus on securities-related matters, handling cases in state and federal courts, as well as in administrative and self-regulatory forums.

Teresa Verges, Esq.
June 16, 2023
Page 3 of 6

Our firm has also represented individuals before congressional subcommittees. For more information concerning the firm's experience, please visit www.sallahlaw.com.

    a.   <u>James D. Sallah, Esq.</u>

My lead counsel would be my partner, James D. Sallah, Esq., who similarly has extensive experience in securities and receivership matters. I have attached Mr. Sallah's resume for your consideration.  Since leaving the SEC's Division of Enforcement in 2004, Mr. Sallah has focused his practice on securities-related litigation in federal and state courts and arbitration before the Financial Industry Regulatory Authority. Mr. Sallah has also been recognized by his peers with an AV-Preeminent rating through *Martindale-Hubbell*, as a *Florida Super Lawyer*, in *Florida Trend's Legal Elite*, and in *South Florida Legal Guide*. For the last 10 years, Mr. Sallah has served as an adjunct professor at the University of Miami School of Law where he teaches an SEC Enforcement seminar.

As Mr. Sallah's resume indicates, he has vast experience serving as counsel to a receiver, as a court-appointed receiver, and as a corporate monitor. Specifically, Mr. Sallah has served, either as the Court-appointed Receiver or as counsel to the Receiver, in:

> * *CFTC v. Oasis International Group, Limited, et al.*, (M.D. Fla. Case No. 19-cv-00886-VMC-SPF) ("Oasis International"). Lead counsel to the Receiver.  The action involved an alleged $30-million diamond investment Ponzi scheme.
> * *SEC v. Natural Diamonds Investment Group Inc., et al.*, (S.D. Fla. Case No. 19-CV-80633-Rosenberg) ("Natural Diamonds"). Co-lead Counsel to the Receiver;
> * *FTC v. Student Debt Doctor, LLC, et al.*, (S.D. Fla. Case No. 17-CV-61973-WPD);
> * *Newport Bonding and Surety Co., Inc.* v. *UBS Financial Services, Inc.* (FINRA Case No. 17-01317) (appointed by Puerto Rico Insurance Commissioner to prosecute case against international investment bank);
> * *SEC v. Aubrey Lee Price, et al.*, (N.D. Ga. Case No. 12-CV-2296-TCB);
> * *PFG, LLC, et al. v. Convergex Execution Solutions, LLC, et al.* (FINRA Case No. 16-00669);
> * *CFTC v. LaSalle International Clearing Corp., et al.*, (S.D. Fla. Case No. 09-CV-80765-WPD);
> * *SEC v. KS Advisors, Inc., et al.*, (M.D. Fla. Case No. 2:04-CV-1005-FTM-29DNF).
> * *Goertz v. Stocket Inc., et al.*, (15th Judicial Circuit of Florida Civil Division Case No. 50-2018-CA-011965-MB) (a $20 million fraud that resulted in an SEC enforcement case and criminal indictments);
> * *Brandon Leidel, et al. vs. Project Investors, Inc. d/b/a Cryptsy, et al.*, (S.D. Fla. Case No. 16-CV-80060-Marra) (in connection with a bitcoin matter)("Cryptsy");
> * *State of Florida, et al. v. Abeo Investments, LLC, et al.*, (18th Judicial Circuit of Florida Case No. 2013-CA-001773-16-K) (in connection with $11 million dollar Ponzi scheme);
> * *SEC v. JCS Enterprises, Inc., et al.*, (S.D. Fla. Case No. 14-CV-80468-DMM) (in connection with $80 million dollar Ponzi scheme) ("JCS Enterprises"); and

Teresa Verges, Esq.
June 16, 2023
Page 4 of 6

> *Katz v. MRT Holdings, et al.*, (S.D. Fla Case No. 07-CV-61438-JIC) (in connection
> with multi-million dollar Ponzi scheme);
> *Amin v. OM Global Investment Fund LLC, et al.* (Miami-Dade County Circuit Court
> Case No. 13-18620 CA 13) (in connection with a hedge fund fraud) ("OM Global").

Without question, Mr. Sallah's counsel would greatly assist me in carrying out my duties and
responsibilities as a Receiver.

ii.    Patrick Rengstl, Esq.

I would also use our firm's Of Counsel attorney, Patrick Rengstl, Esq., who has
significant experience in fraud-related and fraudulent transfer cases; has first-chaired the
administration of many SEC, FTC and CFTC receivership estates, including claims and
distribution procedures; has litigated countless ancillary receivership cases and summary
proceedings; and has helped secure the recovery of tens of millions of dollars for the benefit of
investors and consumers around the world. Below are Mr. Rengstl's significant receivership
representations:

> *Natural Diamonds* – Co-lead counsel to the SEC Receiver.  The action involved an
> alleged $30-million diamond investment Ponzi scheme.
> *Oasis International* – Special counsel to the CFTC Receiver.  The currently pending
> action involves an alleged $75-million forex Ponzi scheme.
> *OM Global* – Lead counsel to the Corporate Monitor in Miami-Dade Circuit Court.
> The action involved an alleged $20-million fraud scheme, a related SEC case, and
> federal criminal prosecution.
> *Cryptsy* – Lead counsel to the Receiver. The receivership/class action involved an
> alleged multi-million dollar misappropriation of Bitcoins and hundreds of other types
> of cryptocurrencies.
> *JCS Enterprises* – Special counsel to SEC Receiver. The action involved an alleged
> $80 million Ponzi scheme.
> *eCareer Holdings, Inc.* – Special counsel to the SEC Receiver. The matter involved
> an alleged $11-million fraud scheme.
> *Trade-LLC* – Lead counsel to the SEC Receiver. The action involved an alleged $28-
> million fraud scheme.
> *Pension Fund of America, LC* – Counsel to the SEC Receiver. The action involved an
> alleged multi-million dollar fraud scheme.
> *Student Debt Doctor, LLC* – Counsel to the FTC Receiver. The action involved an
> alleged $13-million student debt relief boiler room.
> *American Precious Metals, LLC* – Counsel to the FTC Receiver. The action involved
> an alleged $37-million precious metals boiler room.
> *Timeshare Mega Media and Marketing Group, Inc.* – Counsel to the FTC Receiver.
> The action involved an alleged timeshare boiler room.
> *The Dolce Group Worldwide, LLC* – Counsel to the FTC Receiver. The action
> involved an alleged $4-million boiler room.

Teresa Verges, Esq.
June 16, 2023
Page 5 of 6

> ➤ *Nationwide Connections, Inc.* – Counsel to the FTC Receiver. The action involved an
> alleged boiler room.

iii.    <u>Proposed Rates</u>

If appointed, I am prepared to work at the reduced rate of $350.00 per hour, a significant discount from my standard hourly rate of $700.00 per hour.

The firm's partners and Of Counsel attorneys, including, but not limited to, Messrs. Sallah and Rengstl, are also prepared to bill at the discounted rate of $350.00 per hour. Further, our associates would work at the discounted rate of $225.00 per hour. Administrative assistants and paralegals would bill at hourly rates ranging from $75.00 to $125.00 per hour depending on the task.

For comparison, the firm's full rates for similar federal matters are:

a) $650.00 to $700.00 per hour for partners;
b) $450.00 to $500.00 per hour for Of Counsel attorneys;
c) $275.00 per hour for associates;
d) $150.00 to 200.00 per hour for paralegals; and
e) $50.00 to 75.00 per hour for legal assistants.

I have also enclosed a conflict of interest and background information form.

<u>**Other Potentially Necessary Professionals**</u>

Finally, if selected and *only if necessary*, I would seek court approval to retain additional professionals and paraprofessionals who have receivership experience and have agreed in other receivership matters to work at significantly reduced rates.

i.    Proposed Forensic Accountants

I would anticipate seeking the assistance of KapilaMukamal, LLP, a well-recognized and highly-regarded accounting firm with substantial experience in forensic accounting and fraud examinations. I have worked closely with Mr. Soneet Kapila, who has spent the majority of his career working on large receiverships and bankruptcy matters as a receiver, liquidating trustee, Chapter 11 trustee, SEC corporate monitor, and chief restructuring office. He also has outstanding professionals at his firm, who have testified as experts in federal court.

ii.    Proposed Special Counsel

For specific receivership issues concerning assets, I would propose utilizing the services of Mr. Robert Carey, Esq., a sole practitioner who has primarily dedicated his legal career to working on federal court receiverships. Mr. Carey, who has a Juris Doctorate, Master of Business Administration in Finance, a Master of Accountancy, a Master of Real Estate Finance,

Teresa Verges, Esq.
June 16, 2023
Page 6 of 6

and a Master of Laws, has vast experience both as a receiver and as counsel to receivers in managing estates, locating and marshalling assets, conducting asset investigations, and forensic accounting. He may potentially serve as Of Counsel to the firm.

iii.     Forensic IT Professionals and Investigators

I also have strong relationships with both forensic IT professionals and private investigators, most of whom are former law enforcement, to assist in locating and preserving assets and evidence for the benefit of the receivership estate.

### Conclusion

Again, I am honored to be considered to serve as a court-appointed receiver in any future SEC enforcement action. Thank you for contacting me with the opportunity to submit this proposal. Please do not hesitate to call me with any questions.

Sincerely,

Jeffrey L. Cox

Cc:     Russell R. O'Brien, Esq. (*via email to* OBrienRu@sec.gov)
Encl:   As described

# Resume of Jeffrey L. Cox



**RESUME OF JEFFREY L. COX, ESQ.**

**SALLAH ASTARITA & COX, LLC**
**3010 NORTH MILITARY TRAIL, SUITE 210**
**BOCA RATON, FLORIDA 33431**

**PHONE: (561) 989-9080**
**FACSIMILE: (561) 989-9020**
**E-MAIL: jlc@sallahlaw.com**
**WEBSITE: www.sallahlaw.com**
**LINKEDIN: linkedin.com/in/jeffrey-cox-6285bb7**

**PRACTICE AREAS**

Mr. Cox is an AV Preeminent® rated attorney who concentrates on receivership litigation, securities and other financial services regulation and enforcement, white collar investigations and proceedings, and complex commercial litigation, securities arbitration, and whistleblower claims.

**PROFESSIONAL EXPERIENCE**

From 1999 to 2004, Mr. Cox was a Senior Counsel for the U.S. Securities and Exchange Commission's ("SEC") Office of Enforcement in Miami. During his tenure as an SEC Senior Counsel, Mr. Cox investigated and litigated civil enforcement cases and administrative proceedings involving violations of the federal securities laws including, market manipulation, insider trading, and corporate and offering fraud. During his last year at the SEC, Mr. Cox criminally prosecuted SEC cases as a Special Assistant United States Attorney.

From 2004 to 2007, Mr. Cox served as an Assistant United States Attorney with the Department of Justice in the Southern District of Florida. As a federal prosecutor, Mr. Cox was assigned to the Economic Crimes section of the United States Attorney's Office in Miami. While in the Economic Crimes Section, Mr. Cox was responsible for leading complex investigations and prosecutions involving white collar criminal offenses such as securities fraud, money laundering, tax evasion, and mail, wire, and bank fraud.

Since 2007, Mr. Cox has been in private practice as the co-founder of Sallah Astarita & Cox, LLC. He has successfully handled securities matters through trial and final hearing in arbitration. He has served as lead counsel to the Court-appointed Receiver in *SEC v. JCS Enterprises, Inc., et al.*, Case No. 14-CV-80468-DMM (S.D. Fla. April 7, 2014), an $80 million Ponzi scheme involving approximately 1800 investors. He also served as counsel to the federal Receiver in *FTC v. Student Debt Doctor, LLC, et al.*, Case No. 17-CV-61937-WPD (S.D. Fla. Oct. 2, 2017), a case involving deceptive sale of student loan debt relief services to thousands of consumers nationwide.

Prior to private practice, Mr. Cox was also involved in numerous receivership matters, including *SEC v. Sunstate FX, Inc., et al.*, (emergency action halting $54 million scheme in the Forex market); *SEC v. Americash-Inc.com Inc., et al.* and *SEC v. Virtual Case Card LLC, et al.* (emergency cases halting cash advance, investment schemes); and *SEC v. Mutual Benefits Corp.*,

*et al.* (a case involving the fraudulent sale of viatical life settlements that resulted in losses of more than $95 million to more than 28,000 investors worldwide).

PROFESSIONAL AWARDS AND ACTIVITIES

- AV Preeminent® rated (highest peer ranking by bar members and the judiciary).
- Selected by peers as a *Florida Super Lawyer*, 2015 through 2023; *Florida Super Lawyer* (Rising Stars) in 2009, 2011, and 2012; in the *South Florida Legal Guide* in 2010, 2011, 2013, 2016 through 2022; as *America's Top Honored Lawyers, Top 1%* in 2016 through 2023; and *Florida Trend's Florida Legal Elite* in 2020 and 2021.
- Awarded Certificate from FBI Director Robert Mueller for outstanding prosecutive skills and assistance for an undercover mutual fund operation named "Bermuda Short" in 2005.
- Awarded Certificate of Appreciation from the Department of Homeland Security, Office of Inspector General for critical support during the successful investigation and prosecution of FEMA fraud cases in 2005.
- Received award from the United States Postal Inspection Service recognizing professionalism and dedication during investigations in 2004.
- Received the SEC Chairman's Award for Excellence in 2002 from former SEC Chairman Harvey Pitt.

EDUCATION

Mr. Cox received his undergraduate Bachelor of Arts degree from Furman University and his Juris Doctor degree with honors (*Cum Laude*) from Nova Southeastern University, Shepard Broad School of Law.

During law school, Mr. Cox served as the Editor in Chief of the *Nova Law Review*, received the West Group Outstanding Scholastic Achievement Award, and the Book Award in Trial Advocacy.

BAR MEMBERSHIPS AND JURISDICTIONS ADMITTED TO PRACTICE

Florida Bar, 1999
United States District Court, Southern District of Florida
United States District Court, Middle District of Florida
United States District Court, Northern District of Ohio
United States Court of Appeals for the Eleventh Circuit
United States Supreme Court

PERSONAL BACKGROUND AND COMMUNITY SERVICE

Mr. Cox enjoys spending time with his family, fishing, and watching live music.

He is the Past President of the Rotary Club of Fort Lauderdale/Cypress Creek, 2017-2018, and the Past President of the Rotary Club of Fort Lauderdale/Cypress Creek Charitable Fund, Inc., 2018-2019.  Mr. Cox has a passion for community service.

# Resume of James D. Sallah



## RESUME OF JAMES D. SALLAH, ESQ.

**SALLAH ASTARITA & COX, LLC**
**3010 N. MILITARY TRAIL, STE. 210**
**BOCA RATON, FLORIDA 33431**

**PHONE: (561) 989-9080**
**FACSIMILE: (561) 989-9020**
**E-MAIL: jds@sallahlaw.com**
**WEBSITE: www.sallahlaw.com**

### PRACTICE AREAS

Mr. Sallah is an AV Preeminent® rated attorney who concentrates on securities and commodity futures regulation and enforcement, broker-dealer compliance and defense, receivership litigation, whistleblower claims, securities arbitration, and business litigation.

### PROFESSIONAL EXPERIENCE

Since leaving the Securities and Exchange Commission in 2004, Mr. Sallah has represented national and regional brokerage firms, as well as publicly traded companies and individuals, in a variety of matters, including SEC, FINRA, stock exchange, and state regulatory investigations, Congressional Sub-Committee investigations and hearings, internal investigations, federal and state lawsuits, administrative actions, and arbitrations. He has successfully handled matters through trial, arbitration, and regulatory enforcement proceedings.

Mr. Sallah's reputation as a securities lawyer is recognized among his peers. Each year since 2011, he has been selected as a *Florida Super Lawyer* in the area of Securities Litigation and among *Florida Trend's Legal Elite*. Moreover, Mr. Sallah has been recognized in the *South Florida Legal Guide* each year since 2008 in the field of Securities Litigation and Arbitration. In 2009 the *Daily Business Review* selected Mr. Sallah as the "Most Effective Lawyer" in South Florida in the area of Securities Law.

Before entering private practice, Mr. Sallah was a Senior Counsel in the SEC's Division of Enforcement in Miami, Florida. During his tenure at the SEC, Mr. Sallah handled investigations and litigation in both federal court and administrative forums, including cases involving fraudulent securities offerings, Ponzi schemes, market manipulations, municipal bonds, research analyst conflicts, public company disclosure and periodic reports, and broker-dealer and investment adviser regulation.

Prior to joining the SEC, Mr. Sallah was Assistant Corporate Counsel for Raymond James Financial, Inc., the largest brokerage institution in the Southeastern United States. While at Raymond James, he represented its broker-dealer subsidiaries and their associated persons in a variety of matters, including litigation and arbitration.

**COURT-APPOINTED RECEIVERSHIPS AND PROCEEDINGS**

Mr. Sallah has extensive experience in matters involving court-appointed receiverships and proceedings, including serving as the following:

- Court-appointed Receiver in <u>Goerz, David V. Stocket, Inc.</u> (15th Judicial Circuit of Florida Civil Division Case No. 50-2018-CA-011965-MB)
- Court-appointed Receiver in <u>Brandon Leidel, et al. vs. Project Investors, Inc. d/b/a Crptsy, et al.</u>, (S.D. Fla. Case No. 16-CV-80060-MARRA) in connection with a bitcoin matter.
- Court-appointed Receiver in <u>State of Florida, et al. v. Abeo Investments, LLC, et al.</u>, (18th Judicial Circuit of Florida Case No. 2013-CA-001773-16-K) in connection with $11 million dollar Ponzi scheme.
- Court-appointed Receiver in <u>SEC v. JCS Enterprises, Inc., et al</u>, (S.D. Fla. Case No. 14-CV-80468-DLM) in connection with $80 million dollar Ponzi scheme.
- Court-appointed Corporate Monitor in <u>Amin v. OM Global Investment Fund LLC, et al.</u> (Case No. 13-18620 CA 13) in connection with a hedge fund fraud in Miami-Dade County Circuit Court
- Court-appointed Receiver in <u>Katz v. MRT Holdings, et al.</u> (S.D. Fla., Case No. 07-CV-61438-JIC) in connection with multi-million dollar Ponzi scheme
- Special Counsel to Receiver in <u>CFTC v. Oasis International Group, Limited, et al.</u> (M.D. Fla. Case No. 8:19-CV-886-T-33SPF)
- Counsel to Receiver in <u>SEC v. Natural Diamonds Investment Co., *et al.*</u> (S.D. Fla. Case No. 9:19-CV-80633- Rosenberg).
- Counsel to Receiver appointed by Puerto Rico Insurance Commissioner to prosecute case against international investment bank in <u>Newport Bonding and Surety Co., Inc. v. UBS Financial Services, Inc.</u> (FINRA Case No. 17-01317).
- Special Counsel to the Receiver in <u>SEC v. Aubrey Lee Price, *et al.*</u>, Case No. 1:12-cv-2296-TCB (N.D. Ga.) and <u>Melanie E. Damian, Esq., as Court-Appointed Receiver for PFG, LLC, *et al*. v. Convergex Execution Solutions, LLC, et al.</u>, FINRA Case No. 16-00669.
- Special Counsel to the Receiver in <u>CFTC v. LaSalle International Clearing Corp., et al.</u> (S.D. Fla. Case No. 09-80765-Civ-Dimitrouleas/Snow)
- Special Counsel to the Receiver in <u>SEC v. KS Advisors, Inc., et al</u> (M.D. Fla. Case No. 2:04-CV-1005-FtM-29DNF) to investigate and prosecute claims brokerage firm in connection with multi-million dollar hedge fund fraud
- Independent Consultant <u>In the Matter of v Finance Investments, Inc</u> (SEC Rel. No. 51530 - April 12, 2005) to review, revise, and test supervisory procedures in connection with broker-dealer's market making/trading activities

**RECENT SUCCESSES**

- Represented whistleblower in matter that led to SEC enforcement action against two large brokerage-firms; whistleblower awarded maximum amount available (30%) to whistleblowers under SEC guidelines.
- Successfully negotiated dismissal of SEC complaint on behalf of relief defendant following filing of enforcement action – <u>SEC v. ECareer Holdings, Inc., et al.</u>, Case No.

15-80446-Civ-Cohn/Seltzer (S.D. Fla.)

- Obtained dismissal, with prejudice, of Section 17(b) claim on behalf of defendant in SEC enforcement case – SEC v. Recycle Tech, Inc., et al., Case No. 12-21656-Civ-Lenard/O'Sullivan (S.D. Fla.)
- Represented Miami doctor in an insider trading case brought by the SEC in federal court. After a two-week jury trial, the doctor was found not liable - SEC v. De La Maza, et al., Case No. 09-21977 (S.D. Fla.)
- Successfully argued dismissal of shareholder suit in federal court alleging insider trading - Kamin, et al. v. Acord, et al., Case No. 09-22829-Civ-Jordan (S.D. Fla.)
- Represented nominee for Commissioner of Financial Regulation for the State of Florida in FINRA Enforcement Hearing - Dept. of Enforcement v. Carreno, No. 2006005546007. All claims against Respondent were dismissed, with prejudice.
- Represented multiple claimants/plaintiffs in multi-week FINRA arbitration hearing resulting in $7.5 million dollar award against the broker – Paula Casper, et al. v. Gary Gross, FINRA Case No. 07-00624.
- Defense of a large regional brokerage firm in SEC investigation of firm's institutional trading desk, market making activities, and syndicate department (declination letter by SEC)
- Defense of CFO of publicly-traded company in SEC investigation of his conduct following company's restatement of earnings (declination letter by SEC)
- Defense of high-profile South Florida businessman in SEC insider trading investigation (declination letter by SEC)
- Defense judgment in state court in favor of four departing brokers sued by a large, multi-national brokerage firm for violation of restrictive covenants

## PROFESSIONAL AWARDS AND ACTIVITIES

- AV Preeminent rated (the highest peer ranking) by *Martindale-Hubbell*
- Adjunct Professor, University of Miami School of Law, SEC Enforcement Seminar
- Received the SEC Chairman's Award for Excellence in 2002
- SEC Southeast Regional Office's 2001 nominee for the Ellen Ross Award (honors an Enforcement attorney who demonstrates exemplary commitment, enthusiasm, and performance)
- Commissioner, Fifteenth Circuit Judicial Nominating Commission, 2021-present
- Florida Bar Grievance Committee 2015-2017 term
- Vice-Chair, Financial Services Committee, Florida Bar, 1999-2000
- Executive Committee, Business Law Section, Florida Bar, 1999-2000
- Member of the National Association of Federal Equity Receivers
- Arbitrator for FINRA and National Futures Association
- Association of Securities and Exchange Commission Alumni

**PUBLICATIONS**

- *Using a Rare Receiver Tool to Give Investors a New Hope.* The Receiver – Official Publication of the National Association of Federal Equity Receivers, December 2021 (Issue 13)

**EDUCATION**

Mr. Sallah received his Bachelor's degree (*Summa Cum Laude*) and Master's degree from Ohio University and his Juris Doctor degree (*Cum Laude*) from the University of Miami School of Law. During law school, Mr. Sallah was a member of the *University of Miami Law Review*.

**BAR MEMBERSHIPS AND JURISDICTIONS ADMITTED TO PRACTICE**

Mr. Sallah is a member of the Florida and Colorado Bar Associations. He is admitted to practice in the state courts of both, as well as the U.S. District Court for the Southern, Middle, and Northern Districts of Florida, the Eastern District of Michigan, and the Northern District of Illinois.

# Conflicts of Interest
# and Background Information

## CONFLICTS OF INTEREST AND BACKGROUND INFORMATION

I am providing the Securities and Exchange Commission ("Commission") with the following conflict of interest and background information concerning appointment as the Receiver for Royal Bengal Logistics, Inc., Royal Bengal Fleet Support Services, Inc., North American Aerospace, LLC, Cingar Transport, LLC, and possibly also Black Lion (India company).  I agree to supplement this information if any of the information herein changes, within thirty days of such change.  I agree to provide such other Conflict of Interest information as requested by the Commission or its staff, and to take such steps as reasonably requested by the Commission or its staff in order to mitigate any conflicts that the Commission or its staff determine may exist, in their sole discretion.  [Attach additional sheets as necessary.]

Except where otherwise noted, for purposes of the information request below, "you" means you as an individual, as well as any spouse or dependents, and separately, any firm, partnership, joint venture, or other business in which you are an officer or director, or in which you have a substantial financial interest.

<u>Except where otherwise noted, this information is requested for any responsive matters existing during the last five years.  Also, if during the course of your duties you become aware of responsive information concerning a potential claimant in the matter listed above, you must promptly supplement your response to disclose that information:</u>

1.      List all contracts, consulting engagements, employment, service as an officer or director, or other work of any kind you have performed for any defendant/respondent in this matter, or any of its parents, subsidiaries, or other affiliates, or any claimant in this matter.  Include any responsive matters existing during the last ten years.

**None.**

2.      List any financial interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or any claimant in this matter (e.g., stocks, bonds, options, other debt or equity interests, partnerships, retirement plans).

**None.**

3.      List all other personal or professional relationships or interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or with any of their officers or directors, or any claimant in this matter, not listed above.

**None.**

4.      List all matters in which you have been retained as a Receiver, Distribution Fund Administrator, Distribution Consultant, or as a subcontractor, agent or other service provider, in connection with any civil action or administrative proceeding by the Commission.

**In *SEC v. JCS Enterprises, Inc., et al.*, S.D. Fla. Case No. 14-CV-80468-DMM, I served as counsel to the SEC Receiver, who was my law partner, from April 2014 until the receivership estate was closed in October 2021. Two attorneys in my firm, James D. Sallah and Patrick Rengstl, also currently serve as counsel to an SEC Receiver in *SEC v. Natural Diamonds Investment Group Inc., et al.*, S.D. Fla. Case No. 19-CV-80633-Rosenberg. My law partner, James D. Sallah, Esq., previously served as counsel to a SEC Receiver in *SEC v. Price, et al.*, (N.D. Ga. Case No. 12-CV-2296-TCB), which was closed in August 2020.**

5.      List all other prior or existing cases, matters, or proceedings in which the Commission has an interest, in which you have been retained or served as a witness, consultant, or other expert.

**None.**

6.      Identify any disciplinary proceedings, felony criminal indictment or information (or equivalent formal charge) or a misdemeanor criminal information (or equivalent formal charge), civil proceedings or actions against you personally by any Federal, state, local, or foreign entities and the results of those proceedings.  Include any responsive matters regardless of when they arose.

**None.**

7.      Identify any actual or potential conflicts of which you are aware, regardless of when they arose, that are not identified or addressed in paragraphs 1 through 5 above, but that may affect the performance of your duties under this appointment.

**None.**

If you believe any of the information provided in response to these requests is non-public or confidential, you may request confidential treatment by the Commission pursuant to the procedures set forth at 17 C.F.R. § 200.83.

[THIS SPACE IS INTENTIONALLY LEFT BLANK]

Under penalty of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete.  I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. § 1001.

By: _____
       Signature

Name:    <u>Jeffrey L. Cox</u>

Title:     <u>Potential Receiver</u>

On behalf of: _____
       Receiver/Distribution Fund Administrator/Distribution Consultant

       _____
       Defendant/Respondent Name, Case No.

3

# EXHIBIT B



## KOZYAK TROPIN THROCKMORTON

**Bernice C. Lee,** Esq.
blee@kttlaw.com | 305.377.0665

June 12, 2023

**Via Electronic Mail**
vergest@sec.gov

Teresa J. Verges
Regional Trial Counsel
Miami Regional Office
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131

>      **Re:    Royal Bengal Logistics, Inc., Sanjay Singh, Ricardi Celicourt, et al.**

Dear Ms. Verges:

This letter is in response to your inquiry as to my willingness to serve as a court appointed receiver in the action to be initiated by the Securities and Exchange Commission in the above referenced matter. I am grateful for the opportunity to be considered and thank you for this opportunity to lay out my qualifications for your and the Court's consideration. My firm and I have performed a conflict check and confirmed we have no conflict with the entities and individuals involved in this case.

I have attached for your review a list of selected engagements in which I have served in a fiduciary role and represented fiduciaries. There is also extensive information regarding my firm and its members on our website at www.kttlaw.com. My experience in both representing fiduciaries and serving as a receiver, and with distressed assets makes me well suited to serve as receiver in this matter.

### Experience and Qualifications

I am a Partner with Kozyak Tropin & Throckmorton ("KTT"). My practice focuses on serving as a fiduciary and representing fiduciaries in federal and state courts, including in receiverships and Chapter 11 and Chapter 7 bankruptcy cases. I have represented receivers, trustees custodians and independent examiners in federal and state courts, trustees in bankruptcy cases, and corporate debtors-in-possession in Chapter 11 bankruptcy cases. I have extensive experience in recovering and liquidating significant assets in state and federal cases, and the orderly winddown of distressed companies.

My firm and partners have also served as, and represented, fiduciaries and investor victims, and recovered funds in multiple Ponzi schemes and other fraud cases. I have listed the most relevant cases below:

- I serve as the Receiver over four companies in the federal equity receivership in **SEC v. MJ Capital Funding, LLC, MJ Taxes and More Inc. and Johanna Garcia (S. Dist. Fla. Case No. 21-61644-Singhal)**, which involves a Ponzi scheme that raised an estimated $200 million from investors based on misrepresentations that their funds would be used to provide merchant cash advances to businesses. In reality, the funds were used to pay alleged returns to investors, commission, fees and other amounts that benefited promoters. I was appointed as the successor receiver in May 2023. Prior to my appointment, I served as lead counsel to my predecessor in interest, Corali Lopez-Castro,[1] since the inception of the receivership in August 2021, and handled every aspect of the receivership. I was with Ms. Lopez-Castro as receiver when the Receivership Order was served at the business premises and was directly involved in the first-day securing of the business. Since then, I obtained the voluntary surrender and turnover of more than $7 million from individuals and companies involved with the scheme, recovered an additional $9 million in assets, and together with investor class representatives, negotiated a $26.625 million settlement with Wells Fargo Bank, which I estimate will net $19.5-$20 million to victim investors. The court has approved the settlement agreement in the SEC action, approved the receiver serving as the settlement administrator, preliminarily approved the class settlement in the investor class action, and will conduct a final approval hearing on June 30, 2023. In addition, I have managed a claims submission process through which claimants have filed 12,957 timely claims, and a review process that is well underway. Over 1,000 claims totaling over $20 million have been rejected as duplicative. I have also investigated claims against third party targets, conducted meetings with and depositions of numerous individuals involved with the scheme, and testified in the criminal case against an individual involved in the MJ Capital scheme.

- My partner, David Rosendorf, served as counsel to Melanie Damian, as Receiver in **SEC v. Onix Capital, LLC (S. Dist. Fla. Case No. 16-24678-Cooke)**, which involved a Miami Beach based asset management company that raised millions based on fraudulent representations as to the investments offered, use of the funds raised, and background and financial success of the company's principal, Alberto Chang-Rajii. Through the sale of the company's assets, prosecution and resolution of litigation claims, and negotiation and resolution of claims submitted to the receivership (including claims relating to parallel liquidation proceedings in Chile and British Virgin Islands), Mr. Rosendorf and KTT enabled the receiver to distribute over $12 million to investors, a recovery of nearly 60%.

---

[1] Corali Lopez-Castro has been appointed to the United States Bankruptcy Court for the Southern District of Florida, Miami Division.

2

- Mr. Rosendorf represents Barry Mukamal as the Trustee of the Mutual Benefits Keep Policy Trust, a trust formed to administer over 1,500 viaticated insurance policies, which had been the subject of a Securities and Exchange Commission receivership **Mutual Benefits Corporation** and **Viatical Services Inc. (U.S.D.C. S.D. Fla. Case No. 04-CV-60573-MORENO)**. He has served as lead advisor for the Trustee on the administration of the trust, sales of policies, compliance with trust requirements, the wind down of the trust, and various related issues including multiple litigation matters. Over the past decade the Trustee has distributed more than $500 million to thousands of investors. In February 2022, David and co-counsel successfully obtained complete summary judgment dismissing claims for millions asserted against the Trustee by a purchaser of policy interests from the Trust, and in December 2022 obtained affirmance of the judgment on appeal. In March 2023, Mr. Rosendorf successfully consummated the sale of the remaining policies for approximately $24 million, and obtained approval of the allocation and distribution plan. Prior to his engagement by the Liquidating Trustee, Mr. Rosendorf represented Roberto Martinez as the Receiver for Mutual Benefits as co-counsel with Mr. Martinez's firm. The receivership initially involved 7,000 insurance policies with a face value of over $1.5 billion in which over 30,000 investors around the world had invested; the Receiver recovered and distributed approximately $120 million to investors before remaining policies were placed into the Keep Policy Trust.

- My partner, Detra Shaw-Wilder, served as counsel for Jim Howard, the Receiver for **Pro Premium Finance Company** ("Premium Finance") **(Case 15-16929 (07), Broward County Circuit Court)**, which involved a $65 million working capital loan facility loan extended by BankUnited and City National Bank to Premium Finance. The loan was secured by insurance premium loans owned and serviced by Premium Finance. After Premium Finance discovered a fraud perpetrated by one of the insurance agencies with whom it did substantial business, it defaulted on the loan. Ultimately, Premium Finance and the lenders reached an agreement to place Premium Finance in a receivership. Ms. Shaw-Wilder and KTT handled all legal issues and litigation involving the company's winddown, the interim operation, and the sale the insurance premium loans portfolio.

- Ms. Shaw-Wilder served as counsel to the Florida Department of Financial Services, as Receiver for **Sunshine State Insurance Company** ("SSIC") in litigation **(Case No. 2014-CA-001432, Leon County Circuit Court)** against SSIC's parent company, subsidiaries and affiliates, former officers and directors, and auditing firm. SSIC used improper accounting methods to overstate its reported surplus by millions, avoid liquidation, and continue to write insurance in violation of Florida's statutory requirements for insurance companies. Through the litigation strategy advanced by Ms. Shaw-Wilder and KTT, the Department, on behalf of the receivership estate, successfully pursued and resolved litigation against the directors and officers for $4.75 million, and the accounting firm for $1.4 million.

3

- Harley Tropin was appointed as the Receiver for **Premium Sales Corporation (U.S.D.C. S.D. Fla. Case No. 93-CV-1092-FAM)** and related entities and served as the bankruptcy Trustee **(U.S.B.C. S.D. Fla. Case No. 93-12253-BKC-AJC)**. At the time, Premium Sales, which supposedly operated a nationwide grocery and health and beauty product "diverting" business, was the biggest Ponzi scheme in South Florida history. Through his administration of the receivership estate and supervision of litigation efforts, and with KTT as his primary counsel, Mr. Tropin recovered and distributed approximately $160 million, and investors were repaid over 60% of their losses.

- John Kozyak was appointed as Chapter 11 Trustee for **Financial Federated Title & Trust, Inc. (U.S.B.C. S.D. Fla. Case No. 99-26616-RBR)**, a large Ponzi scheme involving viaticated insurance policies. With KTT and Mr. Tropin as his counsel, Mr. Kozyak successfully sold the viatical contracts and successfully prosecuted numerous avoidance actions and state court lawsuits. He also negotiated a plea to criminal charges against Financial Federated and was appointed by U.S. District Judge Daniel T.K. Hurley to serve as Criminal Restitution Receiver, in which capacity he was responsible for the sale of more than 25 business properties and residences in several states.

- KTT, with Harley Tropin as co-lead counsel for victims in ***Razorback Funding LLC, et al. v. Scott Rothstein, et al.*, (17th Judicial Circuit, Broward County, Florida)**, recovered 100% of client losses as a result of attorney Scott Rothstein's Ponzi scheme through litigation against and settlements with TD Bank, Bank of America, various accounting firms and other third parties. In addition, KTT served as bankruptcy counsel to the same creditors in the bankruptcy case of **Rothstein, Rosenfeldt Adler, P.A.**, the law firm that was used to perpetuate the *Ponzi* scheme.

Additionally, many KTT lawyers have significant ties to and experience with the Southern District of Florida. I have been appointed Vice Chair of the Florida Bar's Federal Court Practice Committee for 2023-24, and served as Co-Chair of its Education Subcommittee in 2022-23 and the Judicial Roundtable Subcommittee in 2021-22. I also serve as the Non-Judicial Co-Chair of the Diversity, Equity, and Inclusion Committee formed by the Bankruptcy Court for the Southern District of Florida in 2022.

My partner Benjamin Widlanski frequently handles complex commercial litigation and class actions in federal court. He has extensive courtroom and trial experience, including five years as an Assistant U.S. Attorney for the Southern District of Florida. During that time, he investigated and prosecuted hundreds of federal crimes, including labor trafficking, narcotics trafficking, money laundering, wire and mail fraud, cybercrimes and crimes involving the Dark Web and cryptocurrencies. He also briefed and argued multiple matters before the Eleventh Circuit Court of Appeals, and managed large investigative teams with members from virtually every federal law enforcement agency.

Tal Lifshitz is a Partner in KTT's complex litigation department, and has worked on some of the most complex cases in the Southern District of Florida, including representing victim class members of the $400 million Jay Peak EB-5 investment scheme in an action against two national banks and a financial services firm. Mr. Lifshitz is the President of the South Florida Chapter of the Federal Bar Association and has served as the Co-Chair of the FBA CLE Committee and Diversity, Equality, and Inclusion Committee, and serves on the FBA National Younger Lawyers in Court Task Force.

### Royal Bengal Logistics, Inc. and Related Companies

Royal Bengal Logistics, Inc. appears to hold itself out as a company that provides investment opportunities and employment opportunities within the logistics, supply chain, and long-haul transportation industries. It appears to use a website (https://rbl-inc.com/) to, among other things, collect contact information from investors and those interested in employment. Winding down the business, investigating and recovering assets and records, investigating the investment scheme and third-party litigation targets, and determining investors and other claimants with valid claims, will be important aspects of this receivership. Having served as the receiver and lead counsel in the $200 million MJ Capital Funding Ponzi scheme and represented other fiduciaries, I have significant experience in investigating and recovering assets and records, identifying and communicating with investors, analyzing and pursuing receivership claims, formulating a claims process and related review process, and closing business operations in an orderly manner.

### Accountants

We have worked closely with experienced forensic accountants who can quickly step in to assist with analysis of the records and transactions of the receivership entities and related parties. When necessary to reconstruct financial records and analyze transactions, we employ forensic accountants who share our commitment to value and efficiency. If selected, I would likely seek the assistance of Yip Associates, a certified minority and woman-owned firm with extensive experience in fraud investigations, forensic analysis, and asset tracing. Yip Associates has extensive experience in fraud investigations and Ponzi schemes in SEC, CFTC, and FTC related engagements. The firm's extensive experience, data analytic skills and the use of technology allows Yip Associates to efficiently reconstruct and analyze significant volumes of financial records.

### Controlling Cost

If selected as Receiver, I would retain my firm, Kozyak, Tropin & Throckmorton, LLP. The hourly rates for partners, other attorneys and paralegals would be substantially discounted. In light of the anticipated needs of this case, I propose to have my partner, David Rosendorf, an Of Counsel, an Associate and a Paralegal work on this matter. Another partner, Benjamin Widlanski, will assist as needed. Each of the team members

will have experience in case investigations and Receivership litigation. I would also seek discounts from any other professionals retained, and closely monitor their fees. This has always been my approach as Receiver and as counsel to any fiduciary. The proposed discounted rates for the attorneys I anticipated working with on this matter are as follows:

| Attorneys/Paralegals | Hourly Rate | Discounted Hourly Rate |
|---|---|---|
| Bernice Lee | $600.00 | $350.00 |
| Benjamin Widlanski | $800.00 | $350.00 |
| David Rosendorf | $700.00 | $350.00 |
| Of Counsel | $600.00 | $300.00 |
| Associate | $400.00 - $500.00 | $250.00 - $275.00 |
| Paralegal | $250.00 | $150.00 |

### Communication

Receivership Website: If appointed I will need to communicate with the investors and clients of Royal Bengal Logistics, Inc. My firm has experience in quickly and efficiently establishing and maintaining websites as an effective tool to maintain communications with stakeholders in Receivership actions. The website would have a frequently asked questions section, updates and status reports, and copies of pertinent court documents, and would be continuously updated. The website will also have contact information for the Receiver. The cost of establishing and maintaining the website is minimal.

Call Center and Dedicated Email: In order to respond to the victims' concerns and questions, I would set up a call center in my office and a dedicated email with trained personnel. KTT has experience managing a call center and dedicated email for a receivership with over 12,000 investors, and for class members in large class actions. The Receiver's personnel will be trained to answer common questions and will refer the more complicated questions to me for response. The number of call center and email personnel will be adjusted according to the number of calls and emails during the term of the receivership in order to maintain a balance between response time and reduction of costs.

### Diversity

In addition to my relevant experience in receivership matters and the qualifications of the team that I would put together for this matter, my firm's commitment to diversity should be considered. KTT has been committed to diversity for decades and is a leader both locally and nationally. John Kozyak. Ms. Shaw-Wilder and I are board members of the Kozyak Minority Mentoring Foundation, an organization founded by Mr. Kozyak and Ms. Shaw-Wilder that is committed to increasing diversity in the legal profession through mentorship. The make-up of our firm also reflects our deep commitment to diversity. I am the past president of the Asian Pacific American Bar Association of South Florida. Ms. Shaw-Wilder is the past president of the Gwen S. Cherry Black Women Lawyers

6

Association. Three of my partners are past presidents of the Cuban American Bar Association. Another partner was recently elected as President Elect of the Wilkie D. Ferguson Bar Association. We also have diverse leadership in the firm's management: three of our firm's past managing partners have been women lawyers. To the extent diversity is important to the selection process, I believe that my firm's track record on diversity adds great value.

I very much appreciate being considered for this position. Based on my personal qualifications and experience and my firm's capabilities, I believe I am well suited for this case. Please feel free to call me if you have any questions or need additional information. Thank you again.

Very truly yours,

Bernice C. Lee

BCL/rp
Enclosure

7

## BERNICE LEE | KOZYAK TROPIN & THROCKMORTON, LLP

### Additional Selected Engagements

I represented Barry Mukamal as the Chapter 11 Trustee appointed in the bankruptcies of **American Resource Management Group, LLC (DE) (Bankr. S.D. Fla. Case No. 19-14605)** and eight affiliated companies. The companies purported to help customers modify or exit their timeshares, required customers to pay upfront flat fees, and promised a money-back guaranty. The companies, however, treated the fees as revenue upon receipt before fulfilling obligations to customers and improperly transferred millions of dollars to the principals, which left the business insolvent and unable to fulfill guaranty obligations. As counsel, I investigated, prosecuted and settled various claims against third parties, and recovered assets to provide a distribution to the debtors' creditors.

I served as counsel to Cary Glickstein as the former Receiver and Manger of **160 Royal Palm, LLC (Bankr. S.D. Fla. Case No. 18-19441-EPK)** in its Chapter 11 bankruptcy. The company owned a hotel construction project in Palm Beach, Florida used in an EB-5 Visa fraud scheme. In this role, after a multi-day evidentiary hearing, I succeeded in disallowing a $39 million dollar secured claim on the basis that the secured claim was the result of a fraudulent transfer. Once the secured claim was allowed, through another evidentiary hearing, I obtained court approval of the sale of real property for more than $39 million dollars free and clear of the secured claim. With the secured claim disallowed and sale approved, the sale proceeds could flow from the bankruptcy estate to victim investors.

I served as counsel to Detra Shaw-Wilder as the court-appointed Independent Examiner in **NRS Imaging. LLC et al v. Martin Farrell et al (Case No.: 2019-007383-CA-01)** in Miami State Court, which involved alleged mismanagement, civil theft and embezzlement of corporate funds, and a receiver appointed over the plaintiff companies. In this role, I investigated transactions and operations of the plaintiff companies and related companies and individuals, interviewed various individuals involved with the companies, and prepared an extensive report detailing the investigations, and recommendations as to viable contract and tort claims the receiver should pursue.

I serve as the court-appointed Trustee in **Ceferino Machado et al v. Machado et al (Case No. 2018-036516-CA-01)** filed in Miami State Court, which involved over $155 million dollars in disputed transfers between family partnerships and trusts. I was appointed as the successor trustee on May 30, 2023, and prior to my appointment, I served as primary counsel to my predecessor in interest, Corali Lopez-Castro. As counsel, I reviewed assets and transactions of the partnerships, conducted meetings with the parties and various accountants, and provided extensive reports to the Court.

I served as counsel to Corali Lopez-Castro as the court-appointed Custodian in **Lumley Enterprises, LLC v. Abacus Pharma International, LLC and Vincent DeGennaro (Case No. 20-011482-CA)** filed in Miami State Court, which involved locating 300,000 COVID-19 test kits in Hong Kong, facilitating the transport of the test kits to a warehouse registered with the Food and Drug Administration ("FDA") and located in the United States, and determining the appropriate nature of entry into the United States given the status of the Emergency Use Authorization application submitted by the defendants to the FDA.



# BERNICE C. LEE

**Partner**

✉ blee@kttlaw.com          ☏ 305-372-1800

**PRACTICE AREAS**
Appeals
Assignments for Benefit of
    Creditors and Receiverships
Creditors' Rights
Commercial Bankruptcy
Complex Litigation
Corporate Restructuring
Fraud & Insolvency Related
    Litigation

**EDUCATION**
J.D., Northeastern University
    School of Law
B.A., Communications,
    California State University
    Fullerton

KOZYAK
TROPIN
THROCKMORTON

2525 Ponce de Leon, 9 FL
Miami, Florida 33134

kttlaw.com

Bernice Lee focuses her practice on bankruptcy and receivership matters. She has extensive experience helping clients navigate complex issues in reorganizations, liquidations, receiverships, appeals, and fraudulent and preference transfer claims. She regularly represents creditors, investors, receivers, trustees, and corporate debtors. Bernice currently serves as the receiver in the MJ Capital Funding $200 million federal equity receivership.

Chambers USA (2022-2023) ranked Bernice in Bankruptcy Litigation and Bankruptcy Restructuring in Florida, and says "Bernice has a strong legal mind. She is responsive, detail-oriented and extremely professional." Super Lawyers recognized Bernice as a top-rated bankruptcy lawyer in 2019-2023, and a Rising Star in 2015-2018. For her work on the MJ Capital Funding receivership, Bernice received the Daily Business Review's 2023 Unsung Hero award. In 2022, she was an honoree at the Women's History Month Event hosted by the Bankruptcy Bar Association and other voluntary bar associations.

Bernice has been appointed vice chair of the Florida Bar's Federal Court Practice Committee for 2023-24, and served as co-chair of its Education Subcommittee in 2022-23, and the Judicial Roundtable Subcommittee in 2021-22. In 2022, the Bankruptcy Court for the Southern District of Florida appointed Bernice to serve as the non-judicial Co-Chair of its newly formed Diversity, Equity, and Inclusion Committee.

She is a fellow of the National Asian Pacific American Bar Association's 2019 Leadership Advancement Program, the National Conference of Bankruptcy Judges' 2016 NextGen Class, and the Florida Bar Wm. Reece Smith, Jr. Leadership Academy, Class IV. Bernice is a past president of the Asian Pacific American Bar Association of South Florida, and director of the Kozyak Minority Mentoring Foundation. She also served as a director of the South Palm Beach County Florida Association of Women Lawyers, and board member of the City of Fort Lauderdale's Economic Development Advisory Board.

Bernice received her Juris Doctor from Northeastern University School of Law in Boston, and B.A. from California State University Fullerton. During law school, she was a judicial intern for U.S. District Court Judge William G. Young for the District of Massachusetts. In 2008 to 2009, Bernice served as a law clerk for U.S. Bankruptcy Court Judge Paul G. Hyman for the Southern District of Florida. Prior to joining Kozyak Tropin & Throckmorton, Bernice was a partner at a Boca Raton law firm.



# BERNICE C. LEE

**Partner**

✉ blee@kttlaw.com          ☏ 305-377-0665

## PERSONAL STATEMENT

I am passionate about solving problems. I focus on understanding the client's objectives and executing strategies to deliver desired results. Bankruptcy is a dynamic combination of litigation, negotiation, and consensus building. My dedication to community is reflected in my years of service on the board of the Asian Pacific American Bar Association of South Florida.

## SPEAKING ENGAGEMENTS

- Moderator, Federal Court Settlement Conferences, Florida Bar's Federal Court Practice Committee (May 19, 2023)
- Panelist, AAPI Heritage Event, Bankruptcy Bar Association of South Florida (May 12, 2023)
- Co-Chair, 2022 Federal Judicial Roundtable, Florida Bar's Federal Court Practice Committee (June 23, 2022)
- Panelist, Effective and Persuasive Legal Writing for Bankruptcy Lawyers, 32nd Annual Bankruptcy Skills Workshop at the University of Miami School of Law (June 3, 2022)
- Panelist, No Releases for You! Purdue Pharma, the 'Texas Two-Step' and Other Recent Developments in Bankruptcy and Mass Tort Liabilities, National Asian Pacific American Bar Association (March 9, 2022)
- Moderator, Receiver and Trustee Appointments, American Inns of Court's Bench & Bar Conference Miami (February 18, 2022)
- Panelist, Virtual Conversation about Practicing Bankruptcy Law, Kozyak Minority Mentoring Foundation (April 6, 2022 and February 25, 2021)
- Panelist, Notable Recent Supreme Court Bankruptcy Cases, Bankruptcy Bar Association of South Florida, Brown Bag Series Fort Lauderdale (June 27, 2018)
- Co-Author, Pssst, Can you Keep a Secret? Unperfected "Secret" Liens as a Preference Defense Vol. XXXVI, American Bankruptcy Institute Journal No. 6 (June 2017)

KOZYAK
TROPIN
THROCKMORTON

2525 Ponce de Leon, 9 FL
Miami, Florida 33134

kttlaw.com

## CONFLICTS OF INTEREST AND BACKGROUND INFORMATION

I am providing the Securities and Exchange Commission ("Commission") with the following conflict of interest and background information concerning appointment as the Receiver for Royal Bengal Logistics, Inc., Royal Bengal Fleet Support Services, Inc., North American Aerospace, LLC, Cingar Transport, LLC, and possibly also Black Lion (India company).  I agree to supplement this information if any of the information herein changes, within thirty days of such change.  I agree to provide such other Conflict of Interest information as requested by the Commission or its staff, and to take such steps as reasonably requested by the Commission or its staff in order to mitigate any conflicts that the Commission or its staff determine may exist, in their sole discretion.

**This information is also provided for Kozyak Tropin & Throckmorton ("KTT"), potential counsel to the Receiver in the above-referenced case.**

Except where otherwise noted, for purposes of the information request below, "you" means you as an individual, as well as any spouse or dependents, and separately, any firm, partnership, joint venture, or other business in which you are an officer or director, or in which you have a substantial financial interest.

Except where otherwise noted, this information is requested for any responsive matters existing during the last five years.  Also, if during the course of your duties you become aware of responsive information concerning a potential claimant in the matter listed above, you must promptly supplement your response to disclose that information:

1.      List all contracts, consulting engagements, employment, service as an officer or director, or other work of any kind you have performed for any defendant/respondent in this matter, or any of its parents, subsidiaries, or other affiliates, or any claimant in this matter.  Include any responsive matters existing during the last ten years. **None.**

2.      List any financial interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or any claimant in this matter (e.g., stocks, bonds, options, other debt or equity interests, partnerships, retirement plans). **None.**

3.      List all other personal or professional relationships or interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or with any of their officers or directors, or any claimant in this matter, not listed above. **None.**

4.      List all matters in which you have been retained as a Receiver, Distribution Fund Administrator, Distribution Consultant, or as a subcontractor, agent or other service provider, in connection with any civil action or administrative proceeding by the Commission.

*Securities and Exchange Commission v. MJ Capital Funding, LLC, MJ Taxes and More Inc. and Johanna Garcia,* **S. Dist. Fla. Case No. 21-61644-Singhal**. I was appointed as the successor receiver in May 2023. Prior to my appointment and since the inception of the receivership in August 2021, I served as lead counsel to my predecessor in interest, Corali

Lopez-Castro, who has been appointed to the U.S. Bankruptcy Court for the Southern District of Florida. KTT serves as receiver's counsel.

5.      List all other prior or existing cases, matters, or proceedings in which the Commission has an interest, in which you have been retained or served as a witness, consultant, or other expert.

*USA v. Christian Jose Gonzalez*, **Case No. 22-cr-20563-SEITZ/Reid**. I testified as the receiver on June 6, 2023 and June 7, 2023 as a witness called by the United States of America in a criminal action for money laundering and forfeiture against Christian Jose Gonzalez, an individual involved MJ Capital Funding, LLC (referenced above). The Commission has also filed an action against Christian Jose Gonzalez for injunctive and other relief. *Securities and Exchange Commission v. Christian Jose Gonzalez*, **S. Dist. Fla. Case No. 22-cv-61824**.

6.      Identify any disciplinary proceedings, felony criminal indictment or information (or equivalent formal charge) or a misdemeanor criminal information (or equivalent formal charge), civil proceedings or actions against you personally by any Federal, state, local, or foreign entities and the results of those proceedings.  Include any responsive matters regardless of when they arose. **None.**

7.      Identify any actual or potential conflicts of which you are aware, regardless of when they arose, that are not identified or addressed in paragraphs 1 through 5 above, but that may affect the performance of your duties under this appointment. **None.**

If you believe any of the information provided in response to these requests is non-public or confidential, you may request confidential treatment by the Commission pursuant to the procedures set forth at 17 C.F.R. § 200.83.

**Under penalty of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete.  I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. § 1001.**

By:     _____
        Signature

Name:   Bernice Lee_____

Title:  Partner_____

On behalf of:  Potential Receiver_____
               Receiver/Distribution Fund Administrator/Distribution Consultant

               Royal Bengal Logistics, Inc., et al._____
               Defendant/Respondent Name, Case No.

2

# EXHIBIT C

# NELSON MULLINS

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AND COUNSELORS AT LAW

Daniel Newman
Partner
Direct Line: 305-373-9467
Direct Facsimile: 305-995-6437
Daniel.Newman@nelsonmullins.com

One Biscayne Tower
2 South Biscayne Blvd.  |  21st Floor
Miami, FL 33131
T: 305.373.9400  F: 305.373.9443
nelsonmullins.com

June 15, 2023

*VIA Electronic Mail*

Teresa J. Verges
Regional Trial Counsel
U.S. Securities and Exchange Commission
Miami Regional Office
801 Brickell Ave, Ste 1800
Miami, FL 33131
vergest@sec.gov

**RE:**   *Receiver Qualification Letter – Royal Bengal*

Dear Ms. Vergas:

This letter responds to your inquiry regarding my interest and qualifications to serve, if selected, as a court-appointed equity receiver in connection with an action initiated by the United States Securities and Exchange Commission ("SEC" or "Commission") against various parties, including Royal Bengal Logistics, Inc., Royal Bengal Fleet Support Services, Inc., North American Aerospace, LLC, Cingar Transport, LLC, and possibly also Black Lion (a company located in India)(the "Royal Bengal Action").

I am licensed to practice law in both Florida and New York. I am admitted in the United States District Courts for the Southern District of New York, Southern District of Florida, and Middle District of Florida. I am also admitted in the United States Court of Appeals for the Eleventh Circuit. Enclosed for your review is a copy of my Attorney Profile, which appears on the website for my firm, Nelson Mullins Riley & Scarborough LLP ("Nelson Mullins"). The Attorney Profile details my background and past experience serving as a court-appointed receiver and as counsel to various receivers, as well as my experience in the areas of commercial and securities litigation.

As you are aware, earlier in my career I was an attorney for the Division of Enforcement in the SEC's Northeast Regional Office. In that capacity, I was responsible for the investigation and civil prosecution of violations of the federal securities laws. I believe my prior experience with the SEC is pertinent to my qualifications to serve as a court-appointed equity receiver.

CALIFORNIA | COLORADO | DISTRICT OF COLUMBIA | FLORIDA | GEORGIA | MARYLAND | MASSACHUSETTS | NEW YORK
NORTH CAROLINA | SOUTH CAROLINA | TENNESSEE | WEST VIRGINIA

Teresa J. Verges
Regional Trial Counsel
U.S. Securities and Exchange Commission
June 15, 2023
Page 2

The following is a brief summary of my experience as a court-appointed receiver. On November 21, 2006, I was appointed receiver in connection with the Commission action styled *SEC v. Mercer Capital, Inc.*, et al., 06-cv-81080-AMS, United States District Court for the Southern District of Florida ("Mercer"). The Mercer defendants defrauded investors of over $4 million in a Ponzi scheme involving the sale of stock and partnership interests in oil and gas wells. Our efforts resulted in the recovery of approximately $2,100,000.00 from the Mercer defendants, third-parties, and the sale of receivership assets. Virtually all claims were resolved successfully for the benefit of both the receivership estate and the investors, without need for costly litigation. The Court approved our proposed plan of distribution for the benefit of defrauded investors with approved claims. Initial and subsequent distribution checks were mailed to approved claimants. The Mercer Receivership is closed.

On January 17, 2008, I was appointed receiver in connection with the Commission action styled *SEC v. C.E.C. Indus. Corp., et al.*, Case No. 99-cv-02568-RCL ("Levine"), United States District Court for the District of Columbia. Among other things, the Levine defendants violated the securities laws in connection with escrow services they provided for securities transactions originating in foreign countries. The Court approved our proposed plan of distribution for the benefit of defrauded investors with approved claims. Distribution checks were mailed to all approved claimants. The Levine Receivership is closed.

On June 8, 2015, I was appointed receiver over the law firm of Colon & Mendoza, P.A. (the "Firm"), in connection with the lawsuit styled *Maribel Mendoza, et al. v. Marilyn Colon, et al.*, Case No. 15-11871-CA-13, Miami-Dade Circuit Court. This action arose out of a dispute between the Firm's partners concerning the Firm's assets. The receivership order, among other things, authorized me to collect the Firm's assets, discharge the Firm's liabilities, supervise the financial activities relating to the Firm's accounts receivable and accounts payable, and transfer trust funds to the appropriate parties. I worked directly with the parties to negotiate a resolution to their dispute. I performed the Court's directives as laid out in the order appointing me, was able to settle and resolve all receivership claims, Firm liabilities and distribute remaining monies to the stakeholders.

Finally, I am currently serving as the court-appointed receiver in *SEC v. Founding Partners Capital Mgmt. Co., et al.*, Case. No. 09-cv-00229-JES-CM, United States District Court for the Middle District of Florida (and in the ancillary proceeding, *Newman v. Sun Capital, Inc.*, Case No. 09-cv-00445-JES-CM) (hereafter referred to as "Founding Partners"). I make specific mention of the Founding Partners receivership because I foresee that it shares some similarities with respect to the activities a receiver in the Royal Bengal Action will need to undertake.

Founding Partners involved a scheme to defraud investors through several hedge funds set up as limited partnerships and managed by a general partner controlled by defendant William Gunlicks ("Gunlicks"). Ostensibly, Gunlicks used the hedge funds to raise funds that were to be loaned to factoring companies to factor healthcare and commercial receivables. However, the

Teresa J. Verges
Regional Trial Counsel
U.S. Securities and Exchange Commission
June 15, 2023
Page 3

funds raised by the hedge funds were not loaned under terms allowed by, or used for purposes contemplated by, the limited partnership documents.

Among other things, the investors' funds were loaned to non-factoring entities to purchase land and healthcare facilities. After I initiated litigation against the factoring and healthcare entities, we ultimately reached a complex settlement transaction whereby, among other things, an entity created by the Receivership acquired almost all of the equity interests in the factoring companies and healthcare companies. At that time, the companies that entered into the settlement owned or leased and operated, among other things, eighteen hospitals, two medical office buildings, and a nursing school. As Receiver, I along with my counsel, was responsible for negotiating the settlement transaction on behalf of the receivership entities, establishing a process to obtain Court and investor approval of that transaction, participating in due diligence for the transaction, and creating a holding company to acquire the equity in the healthcare companies and related entities, which ultimately became subsidiaries of that holding company.

Further, during the pendency of the settlement and due diligence period, I had to assess major decisions relating to the operation of the healthcare and other settling entities and engage in complex business decisions for the healthcare subsidiaries and related healthcare facilities across the country. These decisions included, but were not limited to: (i) locating, analyzing, and obtaining third-party financing to maintain existing operations and to finance the construction of two new facilities;[1]  (ii) resolving Internal Revenue Service liens and state liens on acquired entities, and negotiating installment and subordination agreements; (iii) participating in negotiations to procure a $49 million revolving line of credit necessary for continued operation of the healthcare subsidiaries; (iv) participating in and assisting with the resolution of state and federal licensing issues related to the operation of the healthcare companies and the transfer of ownership; (v) negotiating ancillary agreements for the benefit of the healthcare companies; (vi) participating in decisions related to the construction of additional healthcare facilities; and (vii) communicating frequently with management to monitor cash flows for the various healthcare companies.

In addition to the above, as Receiver in Founding Partners, I initiated lawsuits against certain professionals believed to be liable to the Receivership. I also defended lawsuits asserted by the non-settling parties and others. To date, the receivership has distributed funds to approved claimants in excess of fifty-percent of their net invested capital. Additional distributions are anticipated.

In addition to my experience as a court-appointed receiver, I have also served as counsel for several receivers. In 1995, I served as lead counsel to the court-appointed receiver in an SEC action styled *SEC v. Gemco Oil Development, Inc.*, et al, 94-cv-02724-JIC, United States District

---

[1] Without which several state-issued, valuable Certificates of Need would lapse, causing erosion of entity and investor value.

Teresa J. Verges
Regional Trial Counsel
U.S. Securities and Exchange Commission
June 15, 2023
Page 4

Court for the Southern District of Florida. In 1997, I served as counsel for the receiver in a Federal Trade Commission action styled *FTC v. SlimAmerica, Inc.*, et al., 97-cv-06072-DLG, United States District Court for the Southern District of Florida

I also served as lead counsel for the court-appointed receiver in an SEC action styled *SEC v. Frederic Elm f/k/a Frederic Elmaleh, et al.*, Case No. 15-cv-60082- WPD, United States District Court for the Southern District of Florida. This case involved a scheme whereby funds were raised by the individual defendant through the use of various investment funds. The Defendant misrepresented the use of such funds and fund profits. Among other things, investor funds were used to support the defendant's lifestyle, to pay back previous receivership investors, and to pay monies to various third-parties. Through a combination of litigation and negotiation, funds were recovered in that action and distributed to approved claimants through a court-approved distribution process. The receivership is now closed and the Receiver discharged.

Currently, I serve as counsel to the Receiver, Jon A. Sale, in connection with the SEC action styled *Securities and Exchange Commission vs. 1 Global Capital LLC and Carl Ruderman, et al.*, Case No.  0:18-cv-61991-BB, United States District Court for the Southern District of Florida.  Through a combination of litigation and negotiation funds were recovered in that action and distributed to approved claimants through a court-approved distribution process.

I have also served as counsel to defrauded investors in numerous cases in both state and federal courts. Equally important, I have represented individuals and entities that were adverse to receivers in the past.

For the past twenty-nine years, my practice has concentrated on complex financial and securities litigation in federal courts, state courts, and in arbitration proceedings. Thus, I am thoroughly familiar with the claims and defenses asserted in these types of proceedings. Based on my in-depth experience in both receivership and complex financial cases, I believe I am uniquely suited to quickly and efficiently administer both large and complex receivership cases, as well as smaller cases.

While I am not privy to specifics of the allegations in the Royal Bengal Action, I anticipate the same type of analysis and decision making required in the Founding Partners matter will be needed in this action. A receiver in the Royal Bengal Action will be required to quickly identify assets and liabilities, secure assets, assess business operations, and develop and implement a plan to operate and preserve the value of the active businesses and other assets. The Receiver will further be required to: (i) make business decisions on financing, cessation of certain business segments, and staffing; (ii) locate and retain management for the active business; (iii) potentially locate and negotiate additional financing for the active business; (iv) preserve, and if possible grow, the existing value of the active business; (v) oversee and analyze cash flows; (vi) defend claims; (vii) develop a strategy to return funds to the investors; and (viii) analyze classes of

Teresa J. Verges
Regional Trial Counsel
U.S. Securities and Exchange Commission
June 15, 2023
Page 5

defrauded investors, and make recommendations to the Court based on legal and equitable principles, whether to consolidate the investor classes or keep them separate and distinct.

For these reasons, I respectfully submit that I am uniquely qualified to serve as the receiver in the Royal Bengal Action. If appointed by the Court, my immediate tasks would be to: (i) identify, locate, and secure the receivership entities' assets, including accounts at financial institutions, vehicles, equipment, safety deposit boxes, and more; (ii) identify financial threats, or other liabilities or threats, to those assets; and (iii) secure the receivership entities' business records, limit access to the receivership entities' computer systems, and preserve the same.

It will also be necessary to also retain the services of a forensic and tax accounting firm to assist with tax matters and to determine, among other things, how investor funds were actually used and the location of funds that may have been improperly transferred to third-parties. I understand that the payment of professional fees and costs in these cases are subject to both the availability of assets and approval by the United States District Court overseeing the receivership. My current hourly rate is $850 per hour. For purposes of serving as the receiver in this case, however, I will agree to: (i) reduce my hourly rate to $500; (ii) not bill for travel time; and (iii) if applicable, always fly at the lowest obtainable coach rates. For legal services, I would likely retain my law firm, Nelson Mullins to represent me. Nelson Mullins is a full-service law firm with approximately 1000 attorneys in thirty-three offices located over sixteen states and the District of Columbia. We also have a tremendous amount of trial experience, bringing to the table the resources of large law firm. If appointed, I would also assess the need for special litigation counsel, as appropriate. I would carefully oversee all work to ensure efficiency and that there is no duplication of tasks.

If my law firm (or any other law firm) is selected to represent me, I will ensure that fees and costs are closely monitored. My goal is to maximize recovery while keeping costs at a minimum. In this regard, I would cap the fees of any other partners or of-counsel at my firm at a rate of $500/hour. As for associates, in Miami, our hourly billing rates generally range from $400 to over $500 (for senior associates) per hour. For any work performed by associates at my firm, they would be billed at their normal rate if it is less than $400/hour, capped at a maximum rate of $400/hour. Paralegal rates would be capped at no more than $250/hour. I would not bill for secretarial overtime or bill for any work performed by secretaries. It is our practice to bill costs at our cost. Any necessary local counsel would also be required to work at discounted rates, which would be approved by the Court prior to retention. Enclosed is an executed copy of the Conflicts of Interest and Background Information sheet.

As referenced above, should the case require the services of forensic computer specialists or accountants, we have worked closely with many boutique and larger firms, and we would be able to expedite their retention at a discount from their standard rates. I appreciate being considered to serve in this important capacity. In view of my experience, I am confident that I will achieve the objectives of the SEC and the District Court, if appointed.

Teresa J. Verges
Regional Trial Counsel
U.S. Securities and Exchange Commission
June 15, 2023
Page 6

      If you have any further questions, please do not hesitate to contact me. Thank you for your consideration.

Sincerely,

DANIEL S. NEWMAN, P.A.

Enclosures:
Attorney Profile
Executed Conflicts of Interest and Background Information



# NELSON MULLINS

# Daniel Newman

Partner

2 South Biscayne Blvd. T 305.373.9467
21st Floor F 305.373.9443
Miami, FL 33131

dan.newman@nelsonmullins.com



Dan Newman began his career with the United States Securities and Exchange Commission's Division of Enforcement. He is an experienced litigator of complex commercial and securities matters in federal and state courts and before various arbitration forums. He also regularly represents individuals and entities in government investigations and related litigation.

Dan represents both plaintiffs and defendants in a variety of business and securities–related litigations, including commercial torts, contracts, shareholder derivative actions, class actions, and common law and statutory securities fraud actions.

## Experience

Following is a selected sampling of matters and is provided for informational purposes only. Past success does not indicate the likelihood of success in any future matter.

### Experience

- Represents individuals and entities in connection with investigations and litigation initiated by the SEC, FTC, the CFTC, FINRA, and state securities regulators.
- Represents entities, officers, and directors in connection with corporate internal investigations.
- Serves as receiver for business entities including those prosecuted by the SEC for engaging in securities fraud in which his efforts are concentrated on recovery for defrauded investors. Also has served and continues to serve as counsel to receivers.

## Education

University of Miami School of Law, JD, cum laude (1991)

George Washington University, BBA, Finance (1988)

## Admissions

Florida

New York

U.S. Court of Appeals for the Eleventh Circuit

U.S. District Court for the Southern District of Florida

U.S. District Court for the Southern District of New York

## Practice Areas

Financial Institutions Corporate & Regulatory

Financial Services Advisory

1

Copyright ©2023 Nelson Mullins Riley & Scarborough LLP— Attorneys and Counselors at Law. All rights reserved.

For informational purposes only. Past success does not indicate the likelihood of success in any future legal representation.



DANIEL NEWMAN
PARTNER

- Represents owners, developers, and contractors in connection with a broad variety of construction litigation matters, including defects and delay and project scheduling and administration.
- Frequent speaker at conferences and seminars on issues relating to litigation and securities. Mr. Newman has spoken on topics including but not limited to: assertion of the Fifth Amendment, discovery techniques in civil litigation, expert witness discovery in state and federal courts, broker–dealer litigation, and securities regulation and compliance.

Trustee, Receivership Practice & Representation

Broker Dealers & Investment Management Litigation

Commercial Litigation & Business Torts

Securities & Enforcement

## Industries

Banking & Financial Services

Consumer Products & Retail

**Representative Matters**

- Represented plaintiff business investors in action alleging claims against day trading firm and its successors in interest for fraud, conversion, and breach of contract
- Defended investment banking firm against $16 million claim in action alleging breach of contract and professional negligence for alleged failure to advise optimal plan of finance and timely close bond offering
- Defended individual in federal court action instituted by SEC alleging violations of antifraud provisions of the federal securities laws
- Represented a CFO in one of the first Sarbanes–Oxley officer certification cases prosecuted by the SEC
- Defended Florida city in an SEC proceeding that alleged securities fraud in connection with municipal bond offerings
- Defended one of the country's largest broker–dealers against former broker's claim for defamation seeking $1 million in damages
- Defended public company and its wholly owned subsidiary against multimillion–dollar claims for wrongful termination and tortuous interference
- Defended brokerage firm against customer claims in connection with the sale of structured and other proprietary products
- Defended certified public accounting firm against class action claims alleging securities fraud
- Defended broker dealers in connection with regulatory investigations and actions concerning mark–ups
- Appointed as receiver over the management company and related hedge funds in connection with a securities fraud with claimed losses alleged to be in excess of $500 million. In connection with this action, Mr. Newman oversaw a

Copyright ©2023 Nelson Mullins Riley & Scarborough LLP— Attorneys and Counselors at Law. All rights reserved.

For informational purposes only. Past success does not indicate the likelihood of success in any future legal representation.



DANIEL NEWMAN
PARTNER

several hundred million dollar transaction, resulting in the formation of a new healthcare holding entity and subsequent court–approved distribution of interests in that entity. Served as the Chairman of the Board for the newly formed entity

- Appointed as receiver over Boca Raton, Fla. company that engaged in illegal sale of securities in oil and gas limited partnerships
- Appointed as receiver for law firm in connection with partnership dissolution
- Represented school board in connection with defense of multi–phase design–build construction project, and indemnification claims against architect
- Part of a team involved in complex litigation arising from a multibillion–dollar airport terminal that resulted in more than $100 million in claims arising from design defects, construction failures, and project administration and schedule issues

**Previous Professional Experience**

- Attorney with the U.S. Securities and Exchange Commission's (SEC) New York Regional Office, Division of Enforcement
  - o Responsibility for the investigation and civil prosecution of violations of the federal securities laws
- Served for four years as an adjunct faculty member at the Nova Southeastern Shepard Broad Law Center, teaching a course focused on pre–trial and trial litigation skills

## Recognitions

The bar rules of some states require that the standards for an attorney's inclusion in certain public accolades or recognitions be provided. When such accolades or recognitions are listed, a hyperlink is provided that leads to a description of the respective selection methodology.

- Chambers USA: America's Leading Lawyers for Business, Litigation: Securities – Florida (2022-2023)
- AV® Preeminent™ Peer Review Rated by Martindale-Hubbell

Copyright ©2023 Nelson Mullins Riley & Scarborough LLP— Attorneys and Counselors at Law. All rights reserved.

For informational purposes only. Past success does not indicate the likelihood of success in any future legal representation.



**NELSON MULLINS**

DANIEL NEWMAN
PARTNER

- Florida Legal Elite by Florida Trend Magazine in Commercial Litigation (2008–2009, 2011–2018, 2020); Business Law (2022)
- Top Lawyer by South Florida Legal Guide (2018, 2020–2021)
- The Best Lawyers in America®, Commercial Litigation, Securities Regulation (2013–2018, 2020–2023), Litigation – Securities (2020–2023), Criminal Defense: White-Collar (2023)
  - o Lawyer of the Year in Miami, Fla. for Securities Regulation (2022)
  - o Lawyer of the Year in Miami, Fla. for Litigation - Securities (2023)
- Florida Super Lawyers (2006–2007, 2009–2022)
- Leader in Law for Securities Law by Lifestyle Publications (2014)

## Professional Activities

- President - University of Miami Law Alumni Association
- Vice Chair – Florida Bar, Federal Court Practice Committee
- Florida Securities Dealers Association - President of Board of Governors (2021)
- Florida Securities Dealers Association – Chair Legislative Committee (2017-2022)
- Former Member, American Institute of CPAs
  - o Damages Task Force
- Former Chair, Dade County Bar Association, Securities Litigation Committee
- Legal and Compliance Division, Securities and Financial Markets Association
- Nova Southeastern University Shepard Broad College of Law, Adjunct Professor, Litigation Skills (2000–2004)

## Community

- Past President and Board of Directors, The David Posnack JCC
- Over a decade of coaching youth sports, including soccer, roller and ice hockey

Copyright ©2023 Nelson Mullins Riley & Scarborough LLP — Attorneys and Counselors at Law. All rights reserved.

For informational purposes only. Past success does not indicate the likelihood of success in any future legal representation.



# NELSON MULLINS

DANIEL NEWMAN
PARTNER

## Articles & Speeches

**Insights**

The New Frontier of Digital Currency: An Uncharted Path Forward, *Daily Business Review* - Co-Author (August 17, 2022)

**Events/Speaking Engagements**

New Considerations for Alternative and ESG Investing: FMA's Securities Compliance Seminar - Panelist (May 4, 2023)

FSDA Industry Outreach Program "2023: Unmasking Market Opportunities" - Moderator (April 21, 2023)

Unmasking Market Opportunities, *Florida Securities Dealers Association* - Moderator (September 30, 2022)

Potential White Collar Issues, *FinTech University Series* - Speaker (June 14, 2022)

Bench and Bar Conference - Panelist (February 18, 2022)

In the Know with the CFO - Panelist (October 25, 2021)

Are you Ready for your Reg BI Audit?, *2021 Risk Management Conference* - Co-Presenter (September 13, 2021)

2020 A Year of Challenges, Change, and Resilience - Moderator (Dec. 4, 2020)

IBDC-RIAC Webinar: Novel Coronavirus Leads to Novel Compliance Concerns: Branch Audits and Selling Away - Speaker (August 20, 2020)

2019 Independent Broker Dealer Consortium Conference - Speaker (October 28, 2019)

Florida Securities Dealers Association Industry Outreach Program - Speaker (October 3, 2019)

Financial Markets Association's 2019 Securities Compliance Seminar - Speaker (May 1, 2019)

Spellman-Hoeveler Inn of Court Bench & Bar Conference: Developments in Securities & Finance Law - Panelist (March 1, 2019)

Considerations and strategy for broker-dealers in conducting internal investigations, *2018 IBDC Conference* - Speaker (October 16, 2018)

**Alerts**

Changing Winds on Disclosure: What to Expect from Increased ESG Disclosure Requirements, Securities Alert (July 14, 2021)

Florida House Bill 813: Protection of Specified Adults, Securities Alert (July 6, 2020)

EPA Defends Temporary COVID-19 Enforcement Policy and Clarifies Use of Policy in Doing So, OnePoint Alert (April 6, 2020)

**Blogs**

Potential New Corporate Disclosure Requirements of ESG Activities, The Vault - Co-Author (July 15, 2021)

SEC Brings Action Against Alleged Promoters of Crypto Lending Program, Investigations - Author (June 2, 2021)

SEC Files Suit Against Five Alleged Promoters of Crypto Lending Program, FinTech Nostradamus - Author (June 2, 2021)

STOCK Act Implications on Trading by Legislators, Investigations - Co-Author (Feb. 2, 2021)

Copyright ©2023 Nelson Mullins Riley & Scarborough LLP— Attorneys and Counselors at Law. All rights reserved.

For informational purposes only. Past success does not indicate the likelihood of success in any future legal representation.

## CONFLICTS OF INTEREST AND BACKGROUND INFORMATION

I am providing the Securities and Exchange Commission ("Commission") with the following conflict of interest and background information concerning appointment as the Receiver for Royal Bengal Logistics, Inc., Royal Bengal Fleet Support Services, Inc., North American Aerospace, LLC, Cingar Transport, LLC, and possibly also Black Lion (India company).  I agree to supplement this information if any of the information herein changes, within thirty days of such change.  I agree to provide such other Conflict of Interest information as requested by the Commission or its staff, and to take such steps as reasonably requested by the Commission or its staff in order to mitigate any conflicts that the Commission or its staff determine may exist, in their sole discretion.  [Attach additional sheets as necessary.]

Except where otherwise noted, for purposes of the information request below, "you" means you as an individual, as well as any spouse or dependents, and separately, any firm, partnership, joint venture, or other business in which you are an officer or director, or in which you have a substantial financial interest.

Except where otherwise noted, this information is requested for any responsive matters existing during the last five years.  Also, if during the course of your duties you become aware of responsive information concerning a potential claimant in the matter listed above, you must promptly supplement your response to disclose that information:

1.      List all contracts, consulting engagements, employment, service as an officer or director, or other work of any kind you have performed for any defendant/respondent in this matter, or any of its parents, subsidiaries, or other affiliates, or any claimant in this matter.  Include any responsive matters existing during the last ten years.

- None

2.      List any financial interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or any claimant in this matter (e.g., stocks, bonds, options, other debt or equity interests, partnerships, retirement plans).

- None

3.      List all other personal or professional relationships or interests in or with the defendant/respondent, its parents, subsidiaries, or other affiliates, or with any of their officers or directors, or any claimant in this matter, not listed above.

- None

4.      List all matters in which you have been retained as a Receiver, Distribution Fund Administrator, Distribution Consultant, or as a subcontractor, agent or other service provider, in connection with any civil action or administrative proceeding by the Commission.

**Receiver**

- *SEC v. Mercer Capital, Inc., et al.*, 06-cv-81080-AMS (S.D. Fla.)

- *SEC v. C.E.C. Indus. Corp., et al.*, Case No. 99-cv-02568-RCL (D. D.C.)

- *SEC v. Founding Partners Capital Mgmt. Co., et al.*, Case. No. 09-cv-00229-JES-CM (M.D. Fla.)

**Counsel to Receiver**

- *SEC v. Gemco Oil Development, Inc., et al*, 94-cv-02724-JIC (S.D. Fla.)

- *SEC v. Frederic Elm f/k/a Frederic Elmaleh, et al.*, Case No. 15-cv-60082-WPD (S.D. Fla.)

- *Securities and Exchange Commission vs. 1 Global Capital LLC and Carl Ruderman, et al.*, Case No. 0:18-cv-61991-BB

5.    List all other prior or existing cases, matters, or proceedings in which the Commission has an interest, in which you have been retained or served as a witness, consultant, or other expert.

- None

6.    Identify any disciplinary proceedings, felony criminal indictment or information (or equivalent formal charge) or a misdemeanor criminal information (or equivalent formal charge), civil proceedings or actions against you personally by any Federal, state, local, or foreign entities and the results of those proceedings.  Include any responsive matters regardless of when they arose.

- None

7.    Identify any actual or potential conflicts of which you are aware, regardless of when they arose, that are not identified or addressed in paragraphs 1 through 5 above, but that may affect the performance of your duties under this appointment.

- None

If you believe any of the information provided in response to these requests is non-public or confidential, you may request confidential treatment by the Commission pursuant to the procedures set forth at 17 C.F.R. § 200.83.

Under penalty of perjury, I declare that I have examined the information given in this statement, and attached hereto, and, to the best of my knowledge and belief, it is true, correct, and complete.  I understand that any material misstatements or omissions made by me herein or in any attachments hereto may constitute criminal violations, punishable under 18 U.S.C. § 1001.

By: _____
Signature

Name: Daniel S. Newman, Esq. _____

Title: Partner _____

On behalf of: Potential Receiver _____
Receiver/Distribution Fund Administrator/Distribution Consultant

_____
Defendant/Respondent Name, Case No.

3