UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61179-CIV-SINGHAL

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

      Defendants.

_____/

**ORDER GRANTING PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
EMERGENCY *EX-PARTE* MOTION FOR TEMPORARY
<u>RESTRAINING ORDER AND OTHER RELIEF</u>**

**THIS CAUSE** is before the Court on Plaintiff Securities and Exchange Commission's Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief and Memorandum of Law (the "Motion") for the following Orders with respect to Defendants Royal Bengal Logistics, Inc. ("RBL") and Sanjay Singh ("Singh") (collectively, "Defendants"), and Relief Defendants Sheetal Singh and Constantina Celicourt (collectively, "Relief Defendants"):

    1.    a Temporary Restraining Order;

    2.    an Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

    3.    an Order Freezing the Assets of Defendants and Relief Defendants;

    4.    an Order Requiring a Sworn Accounting; and

    5.    an Order Prohibiting the Destruction of Documents.

To prevail on a motion for a preliminary injunction, a private litigant must prove: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citations omitted); *see also Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1022 (11th Cir. 1989). The Securities and Exchange Commission, however, faces a lesser burden than a private litigant seeking a preliminary injunction and does not need to "demonstrate irreparable injury or lack of any adequate remedy at law." *SEC v. Unique Financial Concepts, Inc.*, 119 F. Supp. 2d 1332, 1338 (S.D. Fla. 1998), aff'd, 196 F.3d 1195 (11th Cir. 1999); *see also* 15 U.S.C. § 78u(d)(1) (authorizing injunctive relief upon a proper showing). Instead, the SEC is entitled to preliminary injunctive relief if it establishes: ***"(1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated."*** *SEC v. Calvo*, 378 F.3d 1211, 1216 (11th Cir. 2004) (emphasis added) (analyzing request for injunctive relief pursuant to § 5(a) and (c) of the Securities Act); *see also, e.g., SEC v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999).

The Court has considered the Commission's Complaint, the Motion, and the declarations and exhibits filed in support of the Motion. The Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by: (i) presenting a *prima facie* case of securities laws violations by Defendants; and (ii) showing a reasonable likelihood Defendants will harm the investing public by continuing to violate the federal securities laws unless they are immediately restrained. The Court also finds

good cause to believe that unless immediately restrained and enjoined by Order of this Court, Defendants and Relief Defendants will continue to dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order and Other Relief and Memorandum of Law (DE [7]) is **GRANTED** as follows:

**I.**

**<u>TEMPORARY RESTRAINING ORDER</u>**

**IT IS HEREBY ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, Defendants and their respective directors, officers, agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating:

**Section 17(a)(1) of the Securities Act of 1933**

(a)     Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of securities, knowingly or recklessly employing devices, schemes, or artifices to defraud in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. 77q(a)(1);

**Section 17(a)(2) & (3) of the Securities Act of 1933**

(b)     Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of

3

material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices, and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) and (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) and (3); and

**Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5**

(c)     Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly: (i) employing devices, schemes, or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices, and courses of business which have operated, are now operating, or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

**Section 5 of the Securities Act**

**IT IS FURTHER ORDERED** that Defendants, their respective directors, officers, agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined

4

from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### Section 20(a) of the Exchange Act – Control Person Liability

**IT IS FURTHER ORDERED** that Singh, his agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

**II.**

## SHOW CAUSE HEARING

**IT IS FURTHER ORDERED** that a hearing is set before the Honorable Raag Singhal on **Thursday, July 6, 2023, at 11:30 a.m.**, for Defendants to show cause, if any, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against Defendants, as requested by the Commission.  The hearing will be conducted in-person in **Courtroom 110 at the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301**.

### III.

## ORDER FREEZING ASSETS

**IT IS FURTHER ORDERED** that pending determination of the Commission's request for a Preliminary Injunction:

(a)     Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, insurance companies, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing any assets or property, including, but not limited to, cash, free credit balances, fully paid for securities, crypto assets, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit owned by, controlled by, or in the possession of Defendants and Relief Defendants.

6

(b)      Any financial or brokerage institution, or other person or entity holding any such funds or other assets, in the name of, for the benefit of, or under the control of Defendants or Relief Defendants, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this Order by personal service, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known accounts: [Continued on next page]

| Financial Institution | Name of Account | Account Number |
|---|---|---|
| The Bancorp Bank | Royal Bengal Logistics | XXXXX6716 |
| Bank of America | Royal Bengal Logistics | XXXXX6001 |
| Bank of America | Royal Bengal Logistics | XXXXX0895 |
| Bank of America | Royal Bengal Logistics | XXXXX0934 |
| Bank of America | Royal Bengal Logistics | XXXXX6014 |
| Bank of America | Royal Bengal Logistics | XXXXX6027 |
| Bank of America | Sanjay and Sheetal Singh | XXXXX2459 |
| Citibank | Royal Bengal Logistics | XXXXX4380 |
| Evolve (Mercury) | Royal Bengal Logistics | XXXXX3720 |
| JP Morgan Chase | Royal Bengal Logistics | XXXXX6315 |
| Prosperity Bank | Royal Bengal Logistics | XXXXX0689 |
| TD Bank | Royal Bengal Logistics | XXXXX8005 |
| Truist Bank | Royal Bengal Logistics | XXXXX5441 |
| Truist Bank | Sanjay Singh | XXXXX4110 |
| Wells Fargo | Royal Bengal Logistics | XXXXX5094 |
| Wells Fargo | Sanjay Singh | XXXXX5605 |
| Wells Fargo | Sanjay Singh | XXXXX4561 |
| TD Ameritrade | Royal Bengal Logistics | XXXXX3647 |
| TD Ameritrade | Sanjay Singh | XXXXX7115 |
| ADP (Wage Pay) | Royal Bengal Logistics | XXXXX6057 |
| ADP (Tax) | Royal Bengal Logistics | XXXXX11LL |
| ADP (Fees) | Royal Bengal Logistics | XXXXX5001 |
| FleetOne (WEX Bank) | Royal Bengal Logistics | XXXXX5700 |
| FleetOne (Fifth Third) | Royal Bengal Logistics | XXXXX7473 |
| FleetOne (Truist) | Royal Bengal Logistics | XXXXX1138 |
| Charger Logistics (BMO Harris) | Royal Bengal Logistics | XXXXX3994 |
| GM Financial | Sanjay Singh | XXXXX6780 |
| Morgan Stanley (E*Trade) | Sanjay Singh | XXXXX1583 |
| American Express | Sanjay Singh | Not Available |
| Capital One Credit Card | Sanjay Singh | Not Available |
| Citi Card | Sanjay Singh | Not Available |
| Discover | Sanjay Singh | Not Available |
| Chase Credit Card | Sanjay Singh | Not Available |
| Venmo | Sanjay Singh | Not Available |
| Cash App | Sanjay Singh | Not Available |
| PayPal | Sanjay Singh | Not Available |
| Facebook | Sanjay Singh | Not Available |

## IV.

## <u>SWORN ACCOUNTINGS</u>

**IT IS FURTHER ORDERED** that within seven (7) days of the issuance of this Order, Singh shall:

(a)     make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares, or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by RBL;

(b)     make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Defendants or Relief Defendants, jointly or individually, or for their direct or indirect beneficial interest, or over which he or they maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c)     provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts, and deposits of any kind and wherever situation) in which Defendants or Relief Defendants, whether solely or jointly, directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

## V.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that pending determination of the Commission's request for a preliminary injunction, Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to any of the Defendants, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.

## OTHER RELIEF

**IT IS FURTHER ORDERED** that this Order shall not apply to a receiver appointed by this Court over RBL for the purposes of marshaling and preserving any and all assets of RBL and Relief Defendants, and those assets of RBL and Relief Defendants that: (i) are attributable to funds derived from investors or clients of RBL; (ii) are held in constructive trust for RBL and Relief Defendants; (iii) were fraudulently transferred by RBL or Relief Defendants; and/or (iv) may otherwise be includable under such receivership as assets of RBL and Relief Defendants. In addition, this Order does not apply to property of an entity that has filed for bankruptcy and is not a Defendant or Relief Defendant.

## VII.

## <u>RETENTION OF JURISDICTION</u>

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this matter, Defendants, and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 21st day of June 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record

11