UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61179-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

    Defendants.
_____/

## MOTION FOR ORDER TO SHOW CAUSE

The Court-appointed receivers, Paul O. Lopez and Jennifer H. Wahba (collectively, the "Receiver"), by and through their undersigned counsel, respectfully move this Court for an Order to Show Cause as to: (1) why Capital One Services, LLC ("Capital One") has not complied with this Court's June 21, 2023 Order, and (2) why Capital One should not be held in contempt in light of its violation of the June 21, 2023 Order. Further, the Receiver states as follows:

1. On June 21, 2023, this Court entered an Order Granting Securities and Exchange Commission's Emergency Motion for Appointment of Receiver ("Receivership Order"), effectively appointing Paul O. Lopez and Jennifer H. Wahba as the receivers for the estate of Royal Bengal Logistics, Inc. ("RBL").

2. Paragraph 11 of the Receivership Order provides that,

> The Receiver is authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Defendant. All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

3. Paragraph 13 of the Receivership Order provides that,

#2670301v1-221271.0001

All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendant that receive actual notice of this Order by personal service, facsimile or electronic mail transmission, or otherwise shall:

    A.    Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendant except upon instructions from the Receiver;

    B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

    C.    Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

    D.    Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

4. On June 22, 2023, counsel for the Receiver sent an email to Capital One that attached a copy of the Receivership Order and requested that Capital One turn over control of RBL's bank account to the Receiver. Counsel for the Receiver subsequently spoke with an authorized representative of Capital One by way of telephone in an attempt to achieve the same result.

5. To date, Capital One has failed to authorize the Receiver to take immediate possession of Royal Bengal Logistics, Inc.'s Capital One bank account in compliance with Paragraph 11 of the Receivership Order.

6. "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990). A party may initiate contempt proceedings by filing a motion requesting the court to issue an order to show cause why

a party should not be held in civil contempt. *Newman v. State of Alabama*, 683 F.2d 1312, 1318 (11th Cir. 1982).

7. As a result of Capital One's blatant disregard for this Court's Receivership Order, it should be ordered to: (1) show cause as to why it has not complied with the Receivership Order as indicated by its failure to authorize the Receiver to take possession of RBL's Capital One bank account; (2) show cause as to why it should not be held in contempt in light of its violation of the Receivership Order; and (3) any such other and further relief this Court deems necessary.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order to Show Cause as to why Capital One has not complied with the Receivership Order, why Capital One should not be held in contempt, and such other and further relief this Court deems just and proper.

Dated: June 28, 2023

**TRIPP SCOTT, P.A.**
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Phone: (954) 525-7500

By: */s/ Corey D. Cohen*
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540
cmt@trippscott.com
hbb@trippscott.com
Corey D. Cohen, Esquire
Florida Bar No. 1024891
cdc@trippscott.com

**CONFERRAL CERTIFICATE**

Counsel for the SEC has indicated that it does not object to the relief herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of June, 2023, I electronically filed the foregoing document with the Clerk of Court via CM/ECF.

By: <i>/s/ Corey D. Cohen</i><br>
Corey D. Cohen, Esquire<br>
Florida Bar No. 1024891