UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61179-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

    Defendants.

_____/

## MOTION FOR ORDER TO SHOW CAUSE AND PAY ATTORNEYS' FEES

The Court-appointed receivers, Paul O. Lopez and Jennifer H. Wahba (collectively, the "Receiver"), by and through their undersigned counsel, respectfully move this Court for an Order to Show Cause as to: (1) why TD Bank, N.A. ("TD Bank") has not complied with this Court's June 21, 2023 Order despite numerous requests, and (2) why TD Bank should not be held in contempt in light of its violation of the June 21, 2023 Order. The Receiver also seeks sanctions in the form of attorneys' fees as a result of TD Bank's willful violation of the June 21, 2023 Order.

    1.    On June 21, 2023, this Court entered an Order Granting Securities and Exchange Commission's Emergency Motion for Appointment of Receiver ("Receivership Order"), effectively appointing Paul O. Lopez and Jennifer H. Wahba as the receivers for the estate of Royal Bengal Logistics, Inc. ("RBL").

    2.    Paragraph 11 of the Receivership Order provides that,

> The Receiver is authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Defendant. All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

1

3. Paragraph 13 of the Receivership Order provides that,

All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of the Receivership Defendant that receive actual notice of this Order by personal service, facsimile or electronic mail transmission, or otherwise shall:

    A. Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendant except upon instructions from the Receiver;

    B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

    C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

    D. Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

4. On June 22, 2023, counsel for the Receiver sent an email to TD Bank that attached a copy of the Receivership Order and requested that TD Bank turn over control of RBL's bank account to the Receiver.

5. On or about June 28, 2023, Erin Gill, counsel for TD Bank, advised the Receiver that it froze RBL's bank account with TD Bank.

6. On or about June 30, 2023, the Receiver appeared at a TD Bank branch location, per Ms. Gill's direction, to be added as signers of the RBL bank account. At that time, the Receiver learned that the account was still frozen.

7. On July 7, 2023, Ms. Gill advised the Receiver that they should have access to the RBL's bank account with TD Bank.

#2676173v1-221271.0001

8. On July 12, 2023, at approximately 7:00 AM, Charles Tatelbaum, counsel for the Receivers, sent an email to Ms. Gill stating that since TD Bank had not responded with respect to making the funds available to the Receivers that were contained in the TD bank accounts of RBL, the Receivers requested and required TD Bank to forward a check by overnight delivery to the Receivers for the funds in the TD Bank account.

9. On July 12, 2023, at approximately 12:45 PM, not having an acknowledgment or response from Ms. Gill, Charles Tatelbaum sent another email to Ms. Gill demanding that the funds be sent to the Receivers immediately, and that confirmation of the transmittal of the funds be received by counsel for the Receivers.

10. As of noon on July 13, 2023, there still has been no response from TD Bank or Ms. Gill as TD Bank's in-house counsel.

11. Based upon the best information available to the Receivers, the balance in the TD Bank account which belongs to the Receivers amounts and $954,450.20, which funds are being withheld from the Receivers by TD Bank.

12. Notwithstanding, TD Bank has now failed to tender the remaining balance of the RBL bank account and its 2023 bank statements, despite the Receiver's request. TD Bank has also failed to permit the Receiver to gain online access to RBL's account, which restricts the Receiver's ability to actually access and manage the account. The Receiver's "access" is utterly useless if it does not have the ability to access the account online and turn obtain possession of the funds contained within RBL's TD Bank account.

13. "[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990). A party may initiate contempt proceedings by filing a motion requesting the court to issue an order to show cause why

a party should not be held in civil contempt. *Newman v. State of Alabama*, 683 F.2d 1312, 1318 (11th Cir. 1982).

14. Here, TD Bank has been in possession of the Receivership Order for three (3) weeks and is knowledgeable of the contents of it, as evidenced by Ms. Gill's July 6, 2023 correspondence that indicated she read it. However, despite numerous efforts by counsel for the Receiver and Jennifer Wahba as the Receiver herself, TD Bank has failed to turn over RBL's funds to the Receiver. Thus, it is apparent that TD Bank's failure to comply with the terms of the Receivership Order is direct, intentional, and flagrant.

15. The Receiver further requests attorneys' fees as a result of TD Bank's continuous violation of the Receivership Order. "[A]n award of attorney fees to the injured party in a civil contempt case is within the district court's discretion." *PlayNation Play Sys. v. Velex Corp.*, 939 F. 3d 1205, 1215 (11th Cir. 2019) (quoting *Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1533 n.1 (11th Cir. 1986)); *see also Tom James Co. v. Morgan,* 141 Fed. Appx 894, 899 (noting that "the district court has 'wide discretion' in awarding fees and costs.")

16. Here, TD Bank's failure to comply with the Receivership Order has resulted in a delay of the Receiver's receipt of liquid funds that are needed to assist with the stabilization of RBL's business operations. The Receiver was previously obligated to follow up and continue its chase of the funds from TD Bank upon its original failure to freeze the funds. Now the Receiver is obligated to further incur attorneys' fees and costs in their attempts to have TD Bank release the funds to the Receiver. Consequently, this Court should award reasonable attorneys' fees and costs related to the filing of this motion. *See Abbott Labs v. Unlimited Bevs., Inc.*, 218 F. 3d 1238, 1242 (11th Cir. 2000)(awarding attorneys' fees limited to those reasonably and necessarily incurred in an attempt to enforce compliance).

#2676173v1-221271.0001

17. As a result of TD Bank's flagrant disregard for this Court's Receivership Order, it should be ordered to: (1) show cause as to why it has not complied with the Receivership Order as indicated by its failure to turn over the funds contained within RBL's TD bank account to the Receiver; (2) show cause as to why it should not be held in contempt in light of its violation of the Receivership Order; (3) sanction TD Bank for the reasonable attorneys' fees and costs related to the costs of this motion; and (4) any such other and further relief this Court deems necessary.

WHEREFORE, the Receiver respectfully requests that this Court: (1) enter an Order to Show Cause as to why it has not complied with the Receivership Order as indicated by its failure to turn over the funds contained within RBL's TD bank account to the Receiver; (2) enter an Order to Show Cause to why TD Bank should not be held in contempt in light of its violation of the Receivership Order; (3) sanction TD Bank for the reasonable attorneys' fees and costs related to the costs of this motion; and (4) any such other and further relief this Court deems necessary.

Dated: July 13, 2023

**TRIPP SCOTT, P.A.**
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Phone: (954) 525-7500

By: */s/ Charles M. Tatelbaum*
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540
cmt@trippscott.com
hbb@trippscott.com
Corey D. Cohen, Esquire
Florida Bar No. 1024891
cdc@trippscott.com

#2676173v1-221271.0001

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of July, 2023, I electronically filed the foregoing document with the Clerk of Court via CM/ECF.

By: */s/ Charles M. Tatelbaum*
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540
