UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 23-61179-CIV- SINGHAL

**SECURITIES AND EXCHANGE COMMISSION,**
    **Plaintiff,**
vs.

**ROYAL BENGAL LOGISTICS, INC and**
**SANJAY SINGH**
    **Defendants.**

**SHEETAL SINGH and CONSTANTINA**
**CELICOURT,**
    **Relief Defendants.**
_____/

**DEFENDANT'S, SANJAY SINGH, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S, SEC, COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF [ECF 1]**

Defendant, SANJAY SINGH ("Singh" or the "Defendant") provides his Answer and Affirmative Defenses to Plaintiff's, SEC, Complaint for Injunctive and Other Relief [ECF. 1] of the Securities and Exchange Commission (the "SEC") and states:

**PRELIMINARY STATEMENT**

Defendant, Singh has been indicted in the United States District Court for the Southern District of Florida, Case No. 23-CR-60117. Singh, by answering the SEC's Complaint and asserting Affirmative Defenses does not waive his right to exercise his rights under the Fifth Amendment against self-incrimination.

**I.     INTRODUCTION**

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied

8. The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required, otherwise denied.

9. Denied.

## II.   DEFENDANTS AND RELIEF DEFENDANTS

### A.   Defendants

10. Admitted in part, denied in part. Admit that Singh is 43 and resides in Coral Springs, the remainder of this paragraph is denied.

11. Denied.

### B.   Relief Defendants

12. Admitted in part, denied in part. Admit that Relief Defendant, Sheetal Singh is 44 and resides in Coral Springs. The remainder of this paragraph is denied.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations; consequently, these allegations are denied.

## III.   JURISDICTION AND VENUE

14. The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

16. The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required, otherwise denied.

## IV.   FACTUAL ALLEGATIONS

### A.   RBL's Investment Programs

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

18. Denied.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied. Further, these allegations assert legal conclusions is to whether the investments are securities therefore, no response pleading is required, otherwise denied.

### (i)   RBL's Short and Long-Term Investment Programs

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

### (ii)   RBL's Trailer Sponsorship Program

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

24. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**(iii)   RBL's Truck Program**

25.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

26.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

27.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and its footnote; consequently, this allegation is denied.

28.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and its footnote; consequently, this allegation is denied.

29.   The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required.

30.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and its footnote; consequently, this allegation is denied.

31.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**B.   Defendants' Material Misrepresentations and Omissions**

32.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

33.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

34.   The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

35.   The Defendant is without knowledge or information sufficient to form a belief

as to the truth of this allegation; consequently, this allegation is denied.

36.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

37.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

38.     Denied.

39.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

40.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

41.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

42.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

43.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

44.     Denied.

**C.      Defendants' Misuse and Misappropriation of Investor Funds**

45.     Denied.

**(i)     Defendants' Operation of a Ponzi Scheme**

46.     The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

47.     The Defendant is without knowledge or information sufficient to form a belief

as to the truth of this allegation; consequently, this allegation is denied.

48.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

### (ii)  Defendants' Misappropriation of Investor Funds

49.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

50.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

### (iii)  Investor Funds Diverted for Unauthorized Securities Trading

51.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

52.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

53.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

54.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

55.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## V.  VIOLATIONS ALLEGED

### COUNT I
### Violations of Sections 5(a) and 5(c) of the Securities Act (Against all Defendants)

56.  The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

57. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

58. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

59. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT II
## Violations of Section 17(a)(1) of the Securities Act (Against all Defendants)

60. The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

61. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

62. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT III
## Violations of Section 17(a)(2) of the Securities Act (Against all Defendants)

63. The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

64. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

65. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT IV
## Violations of Section 17(a)(3) of the Securities Act (Against all Defendants)

66. The Defendant repeats and incorporates his responses to Paragraphs 1 through 55

Securities And Exchange Commission v. Royal Bengal Logistics, Inc and Sanjay Singh
USDC Case No.:  23-61179-CIV- SINGHAL

of the Complaint.

67. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

68. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT V
### Violations of Section 10(b) and Rule 10b-5(a) of the Exchange Act
### (Against all Defendants)

69. The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

70. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

71. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT VI
### Violations of Section 10(b) and Rule 10b-5(b) of the Exchange Act (Against all Defendants)

61. By oversight, Plaintiff mistakenly duplicated this allegation as Paragraph 61.  The Defendant will respond to this allegation as Paragraph 61 under COUNT VI.  The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

62. By oversight, Plaintiff mistakenly duplicated this allegation as Paragraph 62.  The Defendant will respond to this allegation as Paragraph 62 under COUNT VI.  The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

63. By oversight, Plaintiff mistakenly duplicated this allegation as Paragraph 63.  The Defendant will respond to this allegation as Paragraph 63 under COUNT VI.  The Defendant is

without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT VII
### Violations of Section 10(b) and Rule 10b-5(c) of the Exchange Act (Against all Defendants)

72. The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

73. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

74. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT VIII
### Violations of Section 20(a) of the Exchange Act – Control Personal (sic) Liability (Against Singh)

75. The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

76. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

77. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

78. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

79. The Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT IX
### Unjust Enrichment (As to Relief Defendants)

80. The Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

81. The allegations in ¶81 are not directed to Defendant and, therefore no responsive pleading is required.  To the extent that any allegation in ¶81 is construed to be against the Defendant, each is denied.

82. To the extent that any allegation in ¶82 is construed to be against the Defendant, each is denied.

### VI.   RELIEF REQUESTED

The Defendant denies that Plaintiff is entitled to the relief requested against him.

### AFFIRMATIVE DEFENSES/AVOIDANCES

Singh asserts the following affirmative defenses and avoidances, which can be proven without testimony by him, and reserves the right to amend his answer and affirmative defenses based upon information obtained during the course of discovery and/or through the litigation process in this action as the business records of RBL have been seized by the Receiver pursuant to an Order Appointing Receiver over RBL on June 21, 2023 [ECF 11] and the undersigned counsel does not have access to the business records of RBL as of the date of filing this Answer.

### FIRST AFFIRMATIVE DEFENSE

The investment contracts which are the subject of the Commission's Complaint referred as RBL's Short- and Long-Term Investment Program, RBL's Trailer Sponsorship Program and RBL's Truck Program are not securities pursuant to Section 2(a)1 of the Securities Act of 1933, 15 USC §77(a) 6(a)(1); §3(a)10 of the Exchange Act 15 USC §78 c(a)(10); *Reves v. Ernst & Young*, 494 U.S. 56, 63 (1990) and *SEC v. Howey Co.*, 328 U.S. 293, 301 (1946).  Said investments

were as to the leased trucks, a lease whereas RBL was obligated to make rental payments to the vehicles' owners.  Further, the promissory notes do not constitute securities.  In the event said alleged "investment contract" or the notes are deemed securities they may be entitled to an exemption from registration under the Securities Act of 1933 and the Rules and Regulations promulgated thereunder.

### SECOND AFFIRMATIVE DEFENSE

In the Complaint, the Commission in VI Relief Requested has sought, pursuant to Subparagraph F, Disgorgement of ill-gotten gains including pre-judgment interest.  See [ECF 1]. In *Liu v. SEC*, 140 S. Ct. 1936, 1937, 207 L.Ed. 2d 401 (2020), that, to constitute permissible equitable relief authorized by 15 U.S.C. §78 u(d)(5) any disgorgement awarded must "not exceed a wrong doer's "net profits" and must be awarded to the victims.

Accordingly, the Commission is restricted to seeking disgorgement for only "net profits" and may not seek disgorgement of all "ill gotten gains".

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to join the necessary parties.

### FOURTH AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief may be granted.  The Commission has not alleged facts sufficient to support a claim against the Defendant.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to plead such additional Affirmative Defenses as may be warranted through discovery in this litigation.

Securities And Exchange Commission v. Royal Bengal Logistics, Inc and Sanjay Singh
USDC Case No.:  23-61179-CIV- SINGHAL

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the DEFENDANT SANJAY SINGH demands a trial by jury on all issues triable by a jury as a matter of right.

Dated: July 27, 2023.

                                                  Respectfully submitted,

By: */s/ Mark C. Perry, Esq.*
      Mark C. Perry, Esq.
      Fla. Bar No.:  251941
      Law Offices of Mark C. Perry, P.A.
      Attorney for Defendant, Sanjay Singh
      6245 North Federal Highway, Suite 321
      Ft. Lauderdale, FL  33308
      Office:  (954) 351-2601
      Fax:     (954) 351-2605
      Email: mark@markperrylaw.com
             maureen@markperrylaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July 2023, I electronically filed the foregoing document to the Clerk of the Court, using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for counsel of parties who are authorized to receive electronically, Notices of Electronic Filing.

By: */s/ Mark C. Perry, Esq.*
      Mark C. Perry, Esq.
      Fla. Bar No.:  251941