UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 23-61179-CIV- SINGHAL

**SECURITIES AND EXCHANGE COMMISSION,**
    **Plaintiff,**
vs.

**ROYAL BENGAL LOGISTICS, INC and
SANJAY SINGH**
    **Defendants.**

**SHEETAL SINGH and CONSTANTINA
CELICOURT,**
    **Relief Defendants.**
_____/

### RELIEF DEFENDANT'S, SHEETAL SINGH, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S, SEC, COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Relief Defendant, SHEETAL SINGH ("Sheetal" or the "Relief Defendant") provides her answer and affirmative defenses to Plaintiff's, SEC, Complaint for Injunctive and Other Relief [ECF. 1] of the Securities and Exchange Commission (the "SEC") and states:

**PRELIMINARY STATEMENT**

Upon information and believe, a target letter was sent to the residence of Relief Defendant who has been temporarily residing in India. Her husband, Sanjay Singh, has been indicted in the Southern District of Florida. Sheetal, by answering the SEC Complaint and asserting Affirmative Defenses does not waive her right to exercise her rights under the Fifth Amendment against self-incrimination.

**I.    INTRODUCTION**

1. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

2. The Relief Defendant is without knowledge or information sufficient to form a

belief as to the truth of this allegation; consequently, this allegation is denied.

3. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

4. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

5. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

6. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

7. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied

8. The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required, otherwise denied.

9. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## II.    DEFENDANTS AND RELIEF DEFENDANTS

**A.**    Defendants

10. Admitted in part, denied in part.  Admit that Defendant, Sanjay Singh is 43 and resides in Coral Springs.  The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

11. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**B.** Relief Defendants

12. Admit that Relief Defendant, Sheetal Singh is 41 and resides in Coral Springs and is the spouse of Defendant, Sanjay Singh. The Relief Defendant is without knowledge or information sufficient to form a belief as to the remainder of this allegation.

13. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations; consequently, these allegations are denied.

### III. JURISDICTION AND VENUE

14. The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required.

15. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

16. The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required, otherwise denied.

### IV. FACTUAL ALLEGATIONS

**A.** RBL's Investment Programs

17. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

18. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

19. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.  Further, these allegations assert legal conclusions is to whether the investments are securities therefore, no response pleading is required, otherwise denied.

Securities And Exchange Commission v. Royal Bengal Logistics, Inc and Sanjay Singh
USDC Case No.:  23-61179-CIV- SINGHAL

### (i)  RBL's Short and Long-Term Investment Programs

20. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

21. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

22. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

### (ii)  RBL's Trailer Sponsorship Program

23. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

24. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

### (iii)  RBL's Truck Program

25. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

26. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

27. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and its footnote; consequently, this allegation is denied.

28. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and its footnote; consequently, this allegation is denied.

29. The allegations of this Paragraph attempt to assert legal conclusions; therefore, no responsive pleading is required.

30. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation and its footnote; consequently, this allegation is denied.

31. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**B.** Defendants' Material Misrepresentations and Omissions

32. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

33. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

34. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

35. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

36. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

37. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

38. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

39. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

40. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

41. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

42. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

43. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

44. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**C.     Defendants' Misuse and Misappropriation of Investor Funds**

45. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**(i)     Defendants' Operation of a Ponzi Scheme**

46. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

47. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

48. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

**(ii)     Defendants' Misappropriation of Investor Funds**

49. The Relief Defendant  is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

50. The Relief Defendant  is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

Securities And Exchange Commission v. Royal Bengal Logistics, Inc and Sanjay Singh
USDC Case No.: 23-61179-CIV- SINGHAL

**(iii)   Investor Funds Diverted for Unauthorized Securities Trading**

51. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

52. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

53. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

54. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

55. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## V.   VIOLATIONS ALLEGED

### COUNT I
**Violations of Sections 5(a) and 5(c) of the Securities Act (Against all Defendants)**

56. The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

57. The allegations of Paragraph 57 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 57 is construed to be against the Relief Defendant, each is denied.

58. The allegations of Paragraph 58 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 58 is construed to be against the Relief Defendant, each is denied.

59. The allegations of Paragraph 59 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 59 is

construed to be against the Relief Defendant, each is denied.

## COUNT II
### Violations of Section 17(a)(1) of the Securities Act (Against all Defendants)

60. The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

61. The allegations of Paragraph 61 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 61 is construed to be against the Relief Defendant, each is denied.

62. The allegations of Paragraph 62 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 62 is construed to be against the Relief Defendant, each is denied.

## COUNT III
### Violations of Section 17(a)(2) of the Securities Act (Against all Defendants)

63. The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

64. The allegations of Paragraph 64 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 57 is construed to be against the Relief Defendant, each is denied.

65. The allegations of Paragraph 65 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 57 is construed to be against the Relief Defendant, each is denied.

## COUNT IV
### Violations of Section 17(a)(3) of the Securities Act (Against all Defendants)

66. The Relief Defendant repeats and incorporates his responses to Paragraphs 1

through 55 of the Complaint.

67. The allegations of Paragraph 67 are not directed to the Relief Defendant and therefore, no responsive pleading is required.  To the extent that any allegation in Paragraph 67 is construed to be against the Relief Defendant, each is denied.

68. The allegations of Paragraph 68 are not directed to the Relief Defendant and therefore, no responsive pleading is required.  To the extent that any allegation in Paragraph 68 is construed to be against the Relief Defendant, each is denied.

## COUNT V
### Violations of Section 10(b) and Rule 10b-5(a) of the Exchange Act
### (Against all Defendants)

69. The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

70. The allegations of Paragraph 70 are not directed to the Relief Defendant and therefore, no responsive pleading is required.  To the extent that any allegation in Paragraph 70 is construed to be against the Relief Defendant, each is denied.

71. The allegations of Paragraph 71 are not directed to the Relief Defendant and therefore, no responsive pleading is required.  To the extent that any allegation in Paragraph 71 is construed to be against the Relief Defendant, each is denied.

## COUNT VI
### Violations of Section 10(b) and Rule 10b-5(b) of the Exchange Act (Against all Defendants)

61. By oversight, Plaintiff mistakenly duplicated this allegation as Paragraph 61.  The Relief Defendant will respond to this allegation as Paragraph 61 under COUNT VI.  The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

62. By oversight, Plaintiff mistakenly duplicated this allegation as Paragraph 62.  The Relief Defendant will respond to this allegation as Paragraph 62 under COUNT VI.  The

Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

63. By oversight, Plaintiff mistakenly duplicated this allegation as Paragraph 63. The Relief Defendant will respond to this allegation as Paragraph 63 under COUNT VI. The Relief Defendant is without knowledge or information sufficient to form a belief as to the truth of this allegation; consequently, this allegation is denied.

## COUNT VII
**Violations of Section 10(b) and Rule 10b-5(c) of the Exchange Act (Against all Defendants)**

72. The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

73. The allegations of Paragraph 73 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 57 is construed to be against the Relief Defendant, each is denied.

74. The allegations of Paragraph 74 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 57 is construed to be against the Relief Defendant, each is denied.

## COUNT VIII
**Violations of Section 20(a) of the Exchange Act – Control Personal (sic) Liability
(Against Singh)**

75. The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

76. The allegations of Paragraph 76 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 76 is construed to be against the Relief Defendant, each is denied.

77. The allegations of Paragraph 77 are not directed to the Relief Defendant and

therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 77 is construed to be against the Relief Defendant, each is denied.

78. The allegations of Paragraph 78 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 78 is construed to be against the Relief Defendant, each is denied.

79. The allegations of Paragraph 79 are not directed to the Relief Defendant and therefore, no responsive pleading is required. To the extent that any allegation in Paragraph 79 is construed to be against the Relief Defendant, each is denied.

## COUNT IX
### Unjust Enrichment (As to Relief Defendants)

80. The Relief Defendant repeats and incorporates his responses to Paragraphs 1 through 55 of the Complaint.

81. Denied.

82. Denied.

### VI.   RELIEF REQUESTED

The Relief Defendant denies that Plaintiff is entitled to the relief requested against her.

### AFFIRMATIVE DEFENSES/AVOIDANCES

Sheetal asserts the following affirmative defenses and avoidances, which can be proven without testimony by her, and reserves the right to amend her answer and affirmative defenses based upon information obtained during the course of discovery and/or through the litigation process in this action as the business records of RBL have been seized by the Receiver pursuant to an Order Appointing Receiver over RBL on June 21, 2023 [ECF 11] and the undersigned counsel does not have access to the business records of RBL as of the date of filing this Answer.

Securities And Exchange Commission v. Royal Bengal Logistics, Inc and Sanjay Singh
USDC Case No.:  23-61179-CIV- SINGHAL

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to join necessary parties.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Complaint fails to state a claim upon which relief may be granted.  The Commission has not alleged facts sufficient to support a claim against the Relief Defendant.

## THIRD AFFIRMATIVE DEFENSE

The Relief Defendant acted in good faith and with reasonable reliance upon the representation of third parties.

## FOURTH AFFIRMATIVE DEFENSE

The Relief Defendant did not become unjustly enriched.

## FIFTH AFFIRMATIVE DEFENSE

The Relief Defendant reserves the right to plead such additional Affirmative Defenses as may be warranted through discovery in this litigation.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, the RELIEF  DEFENDANT, SHEETAL SINGH demands a trial by jury on all issues triable by a jury as a matter of right.

Dated: July 27, 2023                                            Respectfully submitted,

By: */s/ Mark C. Perry, Esq.*
        Mark C. Perry, Esq.
        Fla. Bar No.:  251941
        Law Offices of Mark C. Perry, P.A.
        Attorney for Relief Defendant, Sheetal Singh
        6245 North Federal Highway, Suite 321
        Ft. Lauderdale, FL  33308
        Office:  (954) 351-2601
        Fax:     (954) 351-2605
        Email: mark@markperrylaw.com
                 maureen@markperrylaw.com

Securities And Exchange Commission v. Royal Bengal Logistics, Inc and Sanjay Singh
USDC Case No.:  23-61179-CIV- SINGHAL

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this 27th day of July 2023, I electronically filed the foregoing document to the Clerk of the Court, using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for counsel of parties who are authorized to receive electronically, Notices of Electronic Filing.

              By: */s/ Mark C. Perry, Esq.*
                 Mark C. Perry, Esq.
                 Fla. Bar No.:  251941