UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61179-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,
v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

    Defendants.
_____/

## RECEIVERS' AMENDED MOTION TO SELL REAL PROPERTIES

Paul Lopez and Jennifer Wahba in their capacity as Receivers of the estate of Royal Bengal Logistics, Inc. ("RBL"), by their undersigned attorneys, move this Court for an Order authorizing them to sell Real Properties, located at 6908 9th Street, Lubbock, Texas 79416 and 16913 FM-179 (3 parcels), Wolfforth, Texas 79382 (collectively the "Real Properties") free and clear of all liens, encumbrances, and interests, and in support thereof would state:

### BACKGROUND

On June 20, 2023, the Securities and Exchange Commission charged Broward County, Florida resident Sanjay Singh and his trucking and logistics company, RBL, with fraudulently raising approximately $112 million from 1,500 investors through an unregistered securities offering that primarily targeted Haitian-Americans.

The SEC's Complaint alleges that, from at least 2019 through 2023, Singh, through RBL, offered and sold investors high-yield investment programs that purportedly generated 12.5% to 325% in guaranteed returns. As alleged, Singh and RBL promised investors the company would use their money to expand RBL's operations and increase its fleet of semi-trucks and trailers.

#2688266v1-221271.0001

According to the SEC's Complaint, the Defendants assured investors that these investment programs were safe, and that RBL generated $1 million in revenue per month. In reality, the SEC alleges, RBL has operated at a loss and used approximately $70 million of new investor funds to make Ponzi-like payments to other investors.

This Court ordered the appointment of the Receivers (as noted in more detail below) to assume the operations of the business of RBL, make a determination as to its viability as a going concern and to recover assets and administer the business of RBL in order to provide the greatest possible recovery on a fair and equitable basis to creditors and investors of RBL.

## RELIEF REQUESTED

1. On June 21, 2023, this Court entered an Order appointing Paul Lopez and Jennifer Wahba as Receivers for the estate of RBL (the "Receivership Order") [ECF No. 11].

2. Immediately upon the appointment of the Receivers, they began to investigate the pre-Receivership acts and conduct of RBL, as well as the then-current business operations of RBL.

3. On June 26, 2023, the Court entered an Order authorizing the Receivers to employ Kapila/Mukamal ("KM") as financial advisors and accountants to the Receivers [ECF No. 15].

4. Working with the Receivers, KM conducted an analysis of the finances of the ongoing business operations of RBL. This investigation was hampered by the fact that management of RBL ceased making entries into the financial books and records of RBL as of January 31, 2023.

5. Based upon further investigation by the Receivers, it was determined that the Real Properties have been placed into RBL's name by prior management of RBL, although the Receivers have been unable to ascertain or determine that there was any business purpose connected with the acquisition of the Real Properties.

#2688266v1-221271.0001

The Real Properties have legal descriptions as follows:

6908 9th St.
Lubbock, TX 79416
Folio No. – R929850-00000-06600-000 (Property No. R172726)  (single-family home)
Legal Description – WESTCHESTER PARK L660

16913 FM-179 (3 parcels)
Wolfforth, TX 79382
Folio No. – AC90059-90385-10000-000 (Property No. R53026) (single-family home)
Legal Description – BLK 20 SEC 59 AB 385 TR A1

Folio No. – AC90059-90385-10100-000 (Property No. R334379) (Vacant Land)
Legal Description – BLK 20 SEC 59 AB 385 TR A1A

Folio No. – AC90059-90385-10200-000 (Property No. R344558)  (Vacant Land)
Legal Description – BLK 20 SEC 59 AB 385 TR A1B

6. The property located in Lubbock, Texas, approximates 40 acres, and is improved by the ranch house. The property in Wolfforth, Texas, is a residential home.

7. The Receivers have determined that there is no need or legitimate purpose for the Receivership estate or RBL to continue to hold these Properties, which are currently vacant houses. Indeed, continuing to hold the Real Properties would impose an ongoing expense to the Receivership estate for security, maintenance, taxes, insurance, etc.

8. The Receivers and counsel for the Receivers have conducted an investigation as to the best method for selling the Real Properties in order to achieve the highest possible price in the most expedient manner possible. Based upon that investigation, the Receivers have determined that in the current market, it would be best to conduct an auction sale of the Real Properties.

9. The Receivers have interviewed several nationwide auction companies and have selected Stamper Auctions of Davie, Florida, to auction the Real Properties. The principal of Stampler Auctions, Harry Stampler, has nationwide experience and a superb reputation for the auction sale of properties, especially in bankruptcy and in receivership situations. Attached to this

#2688266v1-221271.0001

Motion and to be made a part hereof is the proposal from Stampler Auctions, which the Receivers are prepared to accept and utilize the terms thereof in order to conduct an auction sale of the Real Properties.  The Receivers have found that the proposed charges for the auction sale by Stamper Auctions are consistent with industry trade practices.

10. The Receivers propose to conduct an auction sale of the Real Properties in mid-September 2023 which, according to Harry Stampler, would be an expedient time to do so allowing for sufficient localized and appropriate national publicity and advertisement.

11. The Receivers believe that it would be in the best interests of the Receivership estate to move forward with an auction sale of the Real Properties.

12. By this Motion, the Receivers are seeking this Court's authority to employ Stampler Auctions to conduct an auction sale of the Real Properties, and to authorize the Receivers to sell the Real Properties at auction with such Real Properties to be sold free and clear of liens and encumbrances. *See* [ECF No. 11 ¶¶ 31–33].

13. The Receivers know of no liens or encumbrances that are currently imposed against the Real Properties.

WHEREFORE, Paul Lopez and Jennifer Wahba, in their capacity as Receivers, request this Court to enter an Order authorizing them to employ Stampler Auctions to conduct an auction sale of the Real Properties in accordance with the terms of the attached proposal, and to further authorize the Receivers to sell the Real Properties as more particularly described above free and clear of all liens, claims and encumbrances, with the net proceeds to be paid to the estate, subject to further order of this Court if needed.

By: */s/ Charles M. Tatelbaum*
Charles M. Tatelbaum, Esquire
Florida Bar No. 177540
Corey D. Cohen, Esquire

#2688266v1-221271.0001

Florida Bar No. 1024891  
**TRIPP SCOTT, P.A.**  
110 S.E. 6th Street, 15th Floor  
Ft. Lauderdale, FL 33301  
Phone: (954) 525-7500  
E-mail: cmt@trippscott.com  
cdc@trippscott.com  
hbb@trippscott.com  
eservice@trippscott.com

## CONFERRAL CERTIFICATE

Counsel for the SEC has indicated that it does not object to the relief herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of August, 2023, I electronically filed the foregoing document with the Clerk of Court via CM/ECF.

By: */s/ Charles M. Tatelbaum*  
Charles M. Tatelbaum, Esquire

#2688266v1-221271.0001