UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61179-CIV-SINGHAL

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

     Defendants.

_____/

## ORDER GRANTING RECEIVERS' EXPEDITED MOTION FOR APPOINTMENT OF RECEIVER FOR NORTH AMERICA AEROSPACE, "L.L.C"

**THIS CAUSE** is before the Court on the Expedited Motion of Paul Lopez and Jennifer Wahba as Receivers (the "Receivers") for Royal Bengal Logistics, Inc. (RBL) for Appointment of a Receiver for North America Aerospace, "L.L.C" (NAA) (DE [88]). The RBL Receivers move for the appointment of a receiver over NAA with full and exclusive power, duty, and authority to: administer and manage the business affairs, funds, assets, causes in action, and any other property of NAA; marshal and safeguard all of its assets; and take whatever actions are necessary for the protection of the investors.

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of NAA ("Receivership Assets") that: (a) are attributable to funds derived from investors or clients of the Defendant RBL; (b) are held in constructive trust for the Defendant RBL; (c) were fraudulently transferred by the

Defendant RBL to NAA; and/or (d) may otherwise be includable as assets of the estates of the Respondent RBL (collectively, the "Recoverable Assets"); and,

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant RBL and its affiliate NAA, and venue properly lies in this district.

**FURTHERMORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of NAA (the "Receivership Respondent").

2. This Court appoints Paul Lopez and Jennifer Wahba of Tripp Scott, located at 110 Southeast 6th Street, Fifteenth Floor, Fort Lauderdale, FL 33301, to serve without bond as receiver (the "Receiver") for the estate of the Receivership Respondent, including any of its divisions, subsidiaries, affiliates, successors, assigns, and any fictitious business entities or business names created or used by these entities.

**I.    Asset Freeze**

3. Except as otherwise specified herein, all Receivership Assets and Recoverable Assets are frozen until further order of this Court. Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of or withdrawing such assets. This freeze shall include, but is not to be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms, and mutual funds.

**II.      <u>General Powers and Duties of Receiver</u>**

4.      The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, managers, and general and limited partners of the Receivership Respondent under applicable state and federal law, by the governing charters, by-laws, articles, and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692, and Fed. R. Civ. P. 66.

5.      The trustees, directors, officers, members, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Respondent are hereby dismissed and the powers of any general partners, directors, and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Respondent's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Respondent and shall pursue and preserve all of its claims.

6.      No person holding or claiming any position of any sort with the Receivership Respondent shall possess any authority to act by or on behalf of the Receivership Respondent.

7.      Subject to the specific provisions in Sections III through XIV, below, the Receivers shall have the following general powers and duties:

> A.      To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Respondent, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest, or other income attributable thereto, of whatever kind, which the

Receivership Respondent owns, possesses, has a beneficial interest in, or controls directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.    To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Respondent; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C.    To manage, control, operate, and maintain the Receivership Estates and hold in their possession, custody, and control all Receivership Property, pending further Order of this Court;

D.    To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging their duties as Receiver;

E.    To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Respondent;

F.    To engage and employ persons in his discretion to assist them in carrying out their duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

G.    To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H.    The Receivers are authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.    To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receivers deem necessary or appropriate in discharging their duties as Receivers;

J.    To pursue, resist, and defend all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Estates;

K.    To engage persons in the Receiver's discretion to assist the Receivers in carrying out the Receivers' duties and responsibilities, including, but not limited to, the United States Marshal's Service or a

4

private security firm;

L.     To expand the receivership to include other entities, as permitted by law; and,

M.     To take such other action as may be approved by this Court.

**III.     <u>Access to Information</u>**

8.     The Receivership Respondent and the past and/or present officers, directors, agents, managers, members, general and limited partners, trustees, attorneys, accountants, and employees of the Receivership Respondent, as well as those acting in its place, are hereby ordered and directed to preserve and turn over to the Receivers forthwith all paper and electronic information of, and/or relating to, the Receivership Respondent and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

9.     The Receivership Respondent and the Receivership Respondent's past and/or present officers, directors, agents, attorneys, managers, members, shareholders, employees, accountants, debtors, creditors, managers, and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receivers all questions which the Receivers may put to them and produce all documents as required by the Receivers regarding the business of the Receivership Respondent, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Respondent. In the event that the Receivers deem it necessary to require the appearance of the aforementioned persons or entities, the Receivers shall make their discovery requests in accordance with the Federal Rules of Civil Procedure.

10.     The Receivership Respondent is required to assist the Receivers in fulfilling

their duties and obligations. As such, it must respond promptly and truthfully to all requests for information and documents from the Receivers.

## IV. Access to Books, Records, and Accounts

11. The Receivers are authorized to take immediate possession of all assets, bank accounts, or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Respondent. All persons and entities having control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receivers.

12. The Receivership Respondent, as well as its agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Respondent, and any persons receiving notice of this Order by personal service, facsimile or electronic mail transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Respondent are hereby directed to deliver the same to the Receivers, their agents, and/or employees.

13. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, the Receivership Respondent that receive actual notice of this Order by personal service, facsimile or electronic mail transmission, or otherwise shall:

    A. Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Respondent except upon instructions from the Receivers;

    B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receivers' control without the permission of this Court;

6

C.   Within five (5) business days of receipt of that notice, file with the Court and serve on the Receivers and counsel for the Securities and Exchange Commission (the "Commission") a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.   Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receivers.

## V.   Access to Real and Personal Property

14.   The Receivers are authorized to take immediate possession of all personal property of the Receivership Respondent, wherever located, including, but not limited to, electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media, or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

15.   The Receivers are authorized to take immediate possession of all real property of the Receivership Respondent, wherever located, including, but not limited to, all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, facsimile or electronic mail transmission, or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or (c) destroying, concealing, or erasing anything from such premises.

7

16.     In order to execute the express and implied terms of this Order, the Receivers are authorized to change door locks to the premises described above. The Receivers shall have exclusive control of the keys. The Receivership Respondent, or any other person acting or purporting to act on its behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

17.     The Receivers are authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Respondent, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

## VI.     Notice to Third Parties

18.     The Receivers shall promptly give notice of their appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Respondent as the Receivers deem necessary or advisable to effectuate the operation of the receivership.

19.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to the Receivership Respondent shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receivers and its receipt for such payments shall have the same force and effect as if the Receivership Respondent had received such payment.

20.     In furtherance of his responsibilities in this matter, the Receivers are authorized to communicate with and/or serve this Order upon any person, entity, or government office that they deem appropriate to inform them of the status of this matter

and/or the financial condition of the Receivership Estate. All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receivers or the Commission.

21.     The Receivers are authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of the Receivership Respondent (the "Receivers' Mail"), including all mail addressed to, or for the benefit of, the Receivership Respondent. The Postmaster shall not comply with, and shall immediately report to the Receivers, any change of address or other instruction given by anyone other than the Receivers concerning the Receivers' Mail. The Receivership Respondent shall not open any of the Receivers' Mail and shall immediately turn over such mail, regardless of when received, to the Receivers. All personal mail of the Receivership Respondent, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receivers, shall be released to the named addressee by the Receivers. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Respondent. The Receivership Respondent shall not open a new mailbox or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

22.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership Respondent shall maintain such service and transfer any such accounts to the Receivers

unless instructed to the contrary by the Receivers.

## VII.   Injunction Against Interference with Receivers

23.   The Receivership Respondent and all persons receiving notice of this Order by personal service, facsimile, electronic mail, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action, or causing any action to be taken, without the express written agreement of the Receivers, which would:

A.   Interfere with the Receivers' efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.   Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information;

C.   Dissipate or diminish the value of any Receivership Property; such prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or the Receivership Respondent, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date) of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by the Receivership Respondent or which otherwise affects any Receivership Property; or,

D.   Interfere with or harass the Receivers, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates. The Receivership Respondent shall cooperate with and assist the Receivers in the performance of their duties.

24.   The Receivers shall promptly notify the Court and Commission counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## VIII.   Stay of Litigation

25. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receivers, in their capacity as Receivers; (b) any Receivership Property, wherever located; (c) the Receivership Respondent, including subsidiaries and partnerships; or, (d) any of the Receivership Respondent's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, Respondent, third-party plaintiff, third-party Respondent, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

26. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

27. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of the Receivership Respondent against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## IX. Managing Assets

28. For the Receivership Estate, the Receivers shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

29.     The Receivers' deposit account shall be entitled in their names as receivers, together with a reference to Royal Bengal Logistics, Inc.

30.     The Receivers may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receivers deem most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

31.     Subject to Paragraph 33 immediately below, the Receivers are authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receivers deem most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

32.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receivers will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

33.     The Receivers are authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others as appropriate.

34.     The Receivers shall take all necessary steps to enable the Receivership

Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations, when applicable.

## X.      Investigate and Prosecute Claims

35.      Subject to the requirement, in Section VIII above, that leave of this Court is required to resume or commence certain litigation, the Receivers are authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with Commission counsel, be advisable or proper to recover and/or conserve Receivership Property.

36.      Subject to their obligation to expend receivership funds in a reasonable and cost-effective manner, the Receivers are authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Respondent were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receivers deem necessary and appropriate; the Receivers may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receivers should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

37.      The Receivers hereby hold, and are therefore empowered to waive, all privileges, including the attorney-client privilege, held by the Receivership Respondent.

38.     The Receivers have a continuing duty to ensure that there are no conflicts of interest between the Receivers, their Retained Personnel (as that term is defined below), and the Receivership Estate.

## XI.     **Bankruptcy Filing**

39.     The Receivers may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Receivership Respondent. If the Receivership Respondent is placed in bankruptcy proceedings, the Receivers may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receivers shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 4 above, the Receivers are vested with management authority for the Receivership Respondent and may therefore file and manage a Chapter 11 petition.

40.     The provisions of Section VIII above bar any person or entity, other than the Receivers, from placing the Receivership Respondent in bankruptcy proceedings.

## XII.     **Liability of Receivers**

41.     Until further Order of this Court, the Receivers shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

42.     The Receivers and their agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good-faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receivers or Retained

14

Personnel be liable to anyone for their good-faith compliance with their duties and responsibilities as Receivers or Retained Personnel, nor shall the Receivers or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

43.     This Court shall retain jurisdiction over any action filed against the Receivers or Retained Personnel based upon acts or omissions committed in their representative capacities.

44.     In the event the Receivers decide to resign, the Receivers shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIII.    <u>Recommendations and Reports</u>

45.     The Receivers are authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

46.     Within thirty (30) days after the end of each calendar quarter, the Receivers shall file and serve a full report and accounting of the Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receivers' knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receivers believe to be legal obligations of the Receivership Estate. *The Quarterly Status Report for NAA may be included as part of the Quarterly Status Report filed by the Receivers as*

*the RBL Quarterly Status Report.*

47. The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receivers;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C. A schedule of all the Receivers' receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F. A list of all known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings after such proceedings have been commenced; and,

H. The Receivers' recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

48. On the request of the Commission, the Receivers shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

## XIV. Fees, Expenses, and Accountings

49.     Subject to Paragraphs 52-58 immediately below, the Receivers need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

50.     Subject to Paragraph 53 immediately below, the Receivers are authorized to solicit persons and entities ("Retained Personnel") to assist them in carrying out the duties and responsibilities described in this Order. The Receivers shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

51.     The Receivers and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estate as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receivers. Such compensation shall require the prior approval of the Court.

52.     Beginning for the third quarter of 2023, and within forty-five (45) days after the end of each calendar quarter, the Receivers and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). *Said Quarterly Fee Application may be included in the Quarterly Fee Application submitted by the Receivers as part of the RBL Quarterly Fee Application*. At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receivers will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by Commission staff. All Quarterly Fee Applications will be interim and will

be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receivers will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receivers during the course of the receivership.

53.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

54.     Each Quarterly Fee Application shall:

A.     Comply with the terms of the Billing Instructions agreed to by the Receivers; and,

B.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receivers have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

55.     At the close of the Receivership, the Receivers shall submit a Final Accounting in a format to be provided by Commission staff, as well as the Receivers' final application for compensation and expense reimbursement.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of September 2023.

Copies furnished to counsel of record

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE