UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 23-61179-CIV- SINGHAL

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,
vs.

ROYAL BENGAL LOGISTICS, INC and
SANJAY SINGH
    Defendants.

SHEETAL SINGH and CONSTANTINA
CELICOURT,
    Relief Defendants.
_____/

FILED BY _____ D.C.
FEB 16 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

February 16th, 2024

## Motion To Stay Case Pending "Motion for judgement on pleadings" Disposition.

1. Defendant[s] Request the Court to Stay the Case Pending Disposition of **Motion for judgement on pleadings** styled as CASE NO.: 23-61179-CIV- SINGHAL.

2. The case falls under the purview of Security Violation alleged by the Plaintiff, the complexity of the case and the Defendant pro-se status gives it a good cause to the court.

3. The defendant relies on the merit of **Motion for judgement on pleadings** and argues that the plaintiff have no Jurisdiction, or the commission have no enforceability on the defendants.

1

4. The one Question which makes the Commissions' Jurisdiction over the defendant is that did defendants Violate security law.? Hence the question must be answered for commission to continue the discovery and deposition.

5. Plaintiff has erred in their investigation or presumption of the Defendant[s] business operation and its analysis of financial records and contract's philosophy, all paragraph of Plaintiffs pleading has erroneous information either made through assumption of facts or a standardized fixed mental state or through a botched-up investigation. In the analysis/investigation of the defendant business enterprise SEC has violated due process, abused its discretion, and abandoned its own earlier interpretations of the securities laws. But there is a more fundamental problem with its case; The subject matter falls outside the agency's delegated authority. The SEC may pursue this enforcement action only if relevant transactions in the Royal Bengal asset and services identified in the Complaint are **"investment contracts"** and therefore "securities" under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). Because as a matter of law none of them are.

6. In addition, there is a parallel criminal case pending on the defendant Sanjay Singh, styled as CASE NO. 23-60117-CR-ALTONAGA.

7. This Court's "inherent authority" to manage the cases before it, in the context of stays of discovery, to the broad extent which authorizes "any order which justice requires to protect a party Under FRCP 26 (C) Courts have read the language of Rule 26(c) as enabling them to issue orders staying discovery upon a showing of

"good cause" by the moving party or parties. See, *e.g., String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02- CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), FED. R. CIV. P. 26(c); *See, e.g., Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981); *In re FirstEnergy S'holder Derivative Litig.*, 219 F.R.D. 584, 587 (N.D. Ohio 2004)

8. In *Chudasama v. Mazda Motor Corp.*, the court distinguished between pretrial motions turning on findings of fact, such as motions to dismiss for lack of personal jurisdiction, and those which should be decided before discovery. The court stated: Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. *E.g., Redford v. Gwinnett Cty. Judicial Cir.*, 350 Fed. App'x 341, 346 (11th Cir. 2009) *(citing Chudasama and finding that the magistrate did not abuse discretion in staying discovery)*

9. In order for this Court to Stay the discovery, a Court looks at very many factors, such as most applicable is Government Involvement, Such as in this case. The commission have regularly managed the case historically with a Stay order when a parallel Criminal Case is pending, and the Plaintiff may not have jurisdiction. Historically Plaintiff have practiced such Stay in discovery. As an example, a

3

judge in Florida cited the plaintiff's status as a serial litigator, and one who regularly loses motions to dismiss, as part of the basis for granting a motion to stay discovery in the case. Moore v. Shands Jacksonville Med. Ctr., Inc., No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *2 (M.D. Fla. Dec. 11, 2009).

10. Courts appear to be more likely to apply an auto- stay rule or take a preliminary peek at the merits of cases when the motion to dismiss or pleading on judgement raises a threshold issue. Threshold issues are the types of issues that can completely dispose of an entire case, unlike failure to state a claim motion under Rule 12(b)(6), which may dispose of the entire case but also may dispose of only a claim or a portion of a claim. Also, because these threshold issues are seen as prerequisites to reaching the merits, courts are more likely to stay discovery because discovery is primarily geared toward the merits of the case. To the extent that threshold issues require discovery before they can be decided, courts can and do limit discovery to only those threshold issues in order to carefully manage the process and decide the threshold matters without expending resources on merits discovery until it will clearly be relevant. *See, e.g., Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co., 517 F.3d 235, 241–42 (5th Cir. 2008) (holding that the court has discretion in type and amount of discovery permitted) Courts explicitly applied the preliminary peek test. Tradebay, LLC v. eBay, Inc., No. 2:11-cv-00702-ECR-PAL, 2011 WL 6182039 (D. Nev. Dec. 13, 2011)*

11. Hence for aforementioned case, A Stay is pleaded and appropriate Until the disposition of **Motion for judgement on pleadings**. The case is Complex,

4

Irreparable harm is caused on the defendant and threshold issues of the subject matter is in question, if the Plaintiff even have Jurisdiction and enforceability. Therefore, factors are sufficient for a preliminary peek standard... *Pro se pleadings are to be liberally construed, "however inartfully pleaded." Hughes v. Rowe, 449 U.S. 5, 9 (1980). The Supreme Court reaffirmed this standard soon after the Twombly decision. See Erickson v. Pardus, 551 U.S. 89 (2007).*

Respectfully submitted,

By: /s/ SANJAY SINGH
Add:   3700 NW 109th Ave,
Coral Springs, Fl-33065
PH: 954-822-5096
Email:       sjaysingh@icloud.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 16th, 2024, I have filed the Motion for Motion to Stay Case Pending "MOTION FOR JUDGMENT ON THE PLEADINGS" Disposition, SANJAY SINGH, IN PRO-SE to the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either by transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for counsel of parties who are authorized to receive electronically, Notices of Electronic Filing.

By: /s/ SANJAY SINGH
Add:   3700 NW 109th Ave,
Coral Springs, Fl-33065
PH: 954-822-5096
Email:       sjaysingh@icloud.com

6