**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 23-61179-CIV-DSL

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

       Defendants,

SHEETAL SINGH and CONSTANTINA
CELICOURT,

       Relief Defendants.

_____/

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**RESPONSE IN OPPOSITION TO DEFENDANT SANJAY SINGH'S**
**MOTION TO ALTER, AMEND, CORRECT JUDGMENT OR ORDER**

Plaintiff Securities and Exchange Commission (the "Commission") responds in opposition

to *pro se* Defendant Sanjay Singh's Motion to Alter, Amend, Correct Judgment or Order Under

Rule 59(e) (ECF No. 267 ("Motion for Reconsideration" or "Motion")), and states:

## I.  INTRODUCTION

Singh is asking this Court to reconsider its prior Order denying his Motion for Sanctions

Regarding Submission of False and Misleading Statements, Pleading Frivolous Argument for

Improper Purpose (ECF No. 256 ("Order Denying Sanctions")). There are three grounds justifying

the reconsideration of a court's prior order: (1) an intervening change in controlling law; (2) the

availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Cover v.*

*Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal citations omitted). Singh

argues reconsideration is appropriate here due to the availability of new evidence.  See Mot., p. 1.

This "new evidence," however, is not new but has been of record and before the Court since the

Commission filed its Motion for Temporary Restraining Order, Asset Freeze, and Other Relief

(ECF No. 7 ("Motion for TRO")) in June 2023. As Singh has not established circumstances

supporting reconsideration, his Motion should be denied.

## II. ARGUMENT

### A.    Legal Standard

A motion for reconsideration is "an extraordinary remedy to be employed sparingly."

*Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The

burden is upon the movant to establish the extraordinary circumstances supporting

reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ,

2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v.

Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)). A motion for

reconsideration must do two things. First, it must demonstrate some reason why the court should

reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision. *SEC v. Arbitrade Ltd.*, No. 22-CV-23171, 2024

WL 962372, at *3 (S.D. Fla. Mar. 6, 2024). Courts have distilled three major grounds justifying

reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence;

and (3) the need to correct clear error or manifest injustice. *Wal-Mart Stores, Inc.*, 148 F.R.D. at

295. "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger

King Corp.*, 181 F. Supp. 2d at 1369.

B.       **Singh's Motion for Reconsideration is Not Based on New Evidence**

As his primary basis for reconsideration, Singh argues that a declaration filed in support of

the Commission's Motion for TRO contains frivolous information.  See Mot., pp. 5-8.  Putting the

substance of Singh's argument aside for a moment, the Commission filed the declaration with the

Court on June 20, 2023. See Declaration of Mark Dee (ECF No. 7-1). As such, Singh cannot claim

the availability of new evidence as grounds for reconsideration. *See Richardson v. Johnson*, 598

F. 3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to 'relitigate old

matters, raise argument or **present evidence that could have been raised prior to entry of the**

**judgment**.'") (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir.

2005)) (emphasis added).

Further, the Commission proffered Mr. Dee's testimony based on his declaration during

the Court's August 14, 2023 evidentiary show cause hearing in support of its request for a

preliminary injunction. (ECF No. 82 ("Preliminary Injunction")). Mr. Dee was present at the

hearing and available for cross examination regarding his financial analysis of Defendant Royal

Bengal Logistics, Inc.'s ("RBL") bank account records—the very evidence Singh now raises for

the first time in his Motion for Reconsideration. *See id*. Despite having full opportunity, Singh's

counsel did not examine Mr. Dee during the hearing or raise the accuracy of the declaration with

the Court. Moreover, Singh could have included his argument regarding the declaration in his

Motion for Sanctions but failed to do so. Having lost the Motion for Sanctions, Singh cannot seek

reconsideration based on arguments he could have or should have made in his Motion for

Sanctions. *See Battle v. Gladstone Law Group, P.A.*, No. 12-14458-CIV-MARTINEZ-LYNCH,

2013 WL 12077795, at *1 (S.D. Fla. Sept. 26, 2013) ("a motion for reconsideration is not to be

construed as an opportunity to make arguments that the parties could have and should have made

earlier.").

As to the substance of his argument, Singh cites to Table 4 in the declaration as evidence of the Commission's attempt to mislead the Court. See Mot., p. 5-8. As an initial matter, paragraph 28 of the declaration describing the transactions in Table 4 is entirely accurate. As stated in paragraph 28:

> RBL's use of new investor funds to make existing investor payments is not only evident in the aggregate but also on a transaction-by-transaction basis. RBL used Citibank account 4380 primarily to receive investor deposits and to make investor payments. RBL deposited and commingled investor funds in the Citibank account, and used these same funds to make investor payments, often depositing new investor funds to meet obligations to existing investors.

Indeed, that Singh and RBL were operating a Ponzi scheme has been confirmed by the Receivers. See Receivers' Third Status Report (ECF No. 214) at p. 16. Table 4 merely was an attempt by the Commission to illustrate the Ponzi-like nature of RBL's payments to investors. The transactions included in the table are but a small excerpt from the hundreds of pages of bank records that Mr. Dee relied upon to support his analysis.

The Commission has reviewed the transactions included in the table and has confirmed that the January 24, 2022 deposit into RBL's Citibank account in the amount of $150,000 came from RBL's Bank of America account. The deposit was not *exclusively* investor funds but was commingled with at least some apparent revenue from RBL's trucking business. The remaining transactions in the table are accurate, including the January 26, 2022, deposit in the amount of $50,000, which was exclusively investor funds.

While Table 4 may not have been the best illustration, it does not change the undeniable fact that Singh was operating a Ponzi scheme and defrauded investors out of tens of millions of dollars.  Nor is it evidence that the Commission's claims against Singh are frivolous or otherwise sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

### C.      Singh is Attempting to Relitigate Old Arguments

The remainder of Singh's Motion is a mere repackaging of the arguments Singh previously raised in his Motion for Sanctions, all of which have been rejected by the Court. A motion for reconsideration should not be used to "repackage familiar arguments to test whether the Court will change its mind." *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

Most prominent is Singh's fixation with the fact that RBL had general counsel at the time the Commission moved for a temporary restraining order. See Mot., pp. 8-10. As detailed in the Commission's Response in Opposition to the Motion for Sanctions (ECF No. 228 ("Opposition")), to prevent further dissipation of investor funds, it was necessary for the Commission to file its Complaint and Motion for TRO without notice to defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure.  See Opposition, pp. 13-15. The mere fact that RBL had general counsel did not obviate the Commission's need to proceed *ex parte*. Singh's claim that a licensed attorney on notice of the fraudulent scheme would have prevented RBL from continuing to commit securities fraud is overly simplistic and unpersuasive. At the time the Commission filed its action, it did not know whether RBL's general counsel was complicit in the fraud. Further, as the general counsel was not a signatory to RBL's bank accounts, she likely could have done little to nothing to prevent Singh or others from further dissipating investor funds.

Finally, Singh uses the remainder of his Motion to regurgitate his theories as to how RBL's truck and trailer programs are not securities under *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), and how RBL's short and long term loan programs are not notes constituting securities under *Reeves v. Ernst & Young*, 494 U.S. 56 (1990). Singh has presented these same meritless arguments to the Court in a number of court filings, most recently in his Amended Motion for Judgment on the Pleadings, Asset Freeze and Preliminary Injunction (ECF No. 240), which the Court denied on

May 31, 2024 (ECF No. 272). As none of these arguments is grounds for reconsideration, Singh's

Motion should be denied.

### III.   CONCLUSION

For all of the foregoing reasons, the Commission respectfully requests the Court enter an

Order denying Singh's Motion for Reconsideration.

Dated: June 24, 2024                    Respectfully submitted,

*s/ Russell R. O'Brien*
Russell R. O'Brien
Trial Counsel
Florida Bar No. 084542
Direct Dial: (305) 982-6341
Email: obrienru@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE
COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131