**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:23-cv-61179-LEIBOWITZ/VALLE**

**SECURITIES AND EXCHANGE COMMISSION,**

*Plaintiff,*

*v.*

**ROYAL BENGAL LOGISTICS, INC., and SANJAY SINGH,**

*Defendants,*

*v.*

**SHEETAL SINGH and CONSTANTINA CELICOURT,**

*Relief Defendants.*
_______________________________________/

**ORDER ON RECEIVERS' RENEWED MOTION FOR AUTHORIZATION TO SELL ABANDONED VEHICLES, ESTABLISHMENT OF LIEN CLAIM FUND AND INCORPORATED MEMORNADUM OF LAW**

**THIS CAUSE** is before the Court on the Receivers' Renewed Motion for Authorization to Sell Abandoned Vehicles, Establishment of Lien Claim Fund and Incorporated Memorandum of Law [ECF No. 310] (the "Motion") filed July 22, 2024, including the Receivers' Supplemental Filing in Support of the Motion [ECF No. 322] ("Supplemental Filing") filed September 5, 2024. The Court, having considered the Motion, the Supplemental Filing, and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

The Receivers' Motion [ECF No. 322] is **GRANTED** to the extent the sale comports with the instructions set forth in this Order**.**

**1. Notice/Consent.**

a. Prior to auctioning the motor vehicles, the Receivers must provide notice to the applicable investors AND lienholders (and their registered agents) by publishing a Conspicuous Notice on the Receivers' website (https://www.rblreceivers.com/) that

(1) identifies the motor vehicles to be auctioned; (2) provides the contact information for the known investor/lienholder for each motor vehicle; (3) sets forth the date and place of auction as well as contact information for the sale; and (4) **conspicuously states that (i) the sale of the motor vehicle is to be "free and clear" of any ownership rights, liens, or encumbrances; (ii) security interests will not be extinguished but will, instead, attach to the proceeds of the sale of the motor vehicle; (iii) anyone claiming a security interest in a motor vehicle will have the opportunity to object two weeks prior to the sale so that the Receivers may notify this Court to set a hearing prior to any sale; and (iv) anyone claiming a security interest in a motor vehicle may make a claim to sale proceeds after the sale by submitting a claim to the Lien Claim Fund by a date certain (not to exceed 120 days after the sale)**.

b. The Receivers must also send the notice described in 1(a) above (i) by certified mail and (ii) via e-mail to applicable investors, lienholders (and their registered agents).

c. The Receivers shall file with the Court copies of all notices posted to the Receiver's website, sent via certified mail, and e-mail notifications as well as a list of investors/lienholders by name and address who were so notified, the date the notice was sent, and any responses to the notice (including the date of the response and the name of the investor/lienholder making a response). **The notices shall be filed with the Court no later than thirty (30) days prior to the auction date.**

**2. Auction/Sale.**

a. The Receivers are authorized to sell the motor vehicles listed on the Exhibits attached to the Motion [ECF No. 310], free and clear of any ownership rights, liens, and encumbrances, with existing ownership rights and liens to attach to the proceeds of the sale of the motor vehicles in the Lien Claim Fund with the same priority, extent, and validity in the proceeds as each claimant maintained in the motor vehicle prior to the sale.

b. The Receivers are authorized to engage Fisher Auction Company, or any other nationally recognized motor vehicle auction company, to sell the motor vehicles and further take all actions reasonably necessary to consummate the sale of the motor vehicles, including, but not limited to, executing documents.

**3. Lien Claim Fund.**

a. The Receivers shall establish a Lien Claim Fund for the deposit of all cash proceeds of the sale, to which the Receivers will separately account and maintain in such a manner as to ensure all proceeds are traceable and identifiable as to each motor vehicle sold.

b. Title owners, investors, and lienholders are authorized, but not required, to submit a Proof of Lien Claim, signed under the penalty of perjury, with supporting documentation evidencing the ownership and/or amount, extent, validity, perfection, and priority of their claim and lien as it existed prior to the sale and the deposit of said

proceeds in the Lien Claim Fund, including but not limited to, compliance with applicable state law requirements, to the Receiver by electronic mail, **or by filling out a Proof of Lien Claim posted to the Receiver's website**, or by sending a signed Proof of Lien Claim via U.S. mail at an address provided by the Receivers, for the Receivers to consider in preparing the proposed distribution of the sale proceeds held in the Lien Claim Fund. **Claimants shall have no fewer than 30-days after the auction is over to file a Proof of Lien Claim.**

4. **Distribution of Sale Proceeds.**

a. The Receivers are authorized to file an appropriate motion with the Court to approve the proposed distribution of the funds in the Lien Claim Fund, with notice to all known title owners and lien claimants as provided in Section 1(a) and (b) of this Order.

b. Any lien claimant or title owner with a claim against the Lien Claim Fund is authorized to file an objection to the Receiver's motion containing the Receivers' proposed distribution if it disagrees with the proposed distribution within two weeks of the published notices pursuant to Section 4(a) of this Order.

**DONE AND ORDERED** in the United States District Court for the Southern District of Florida on this 11th day of September, 2024.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
Sanjay Singh, *pro se*