UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-cv-61179-LEIBOWITZ

SECURITIES AND EXCHANGE
COMMISSION,

    *Plaintiff*,

v.

ROYAL BENGAL LOGISTICS, INC.,
et al.,

    *Defendants,*

SHETAL SINGH and
CONSTANTINA CELICOURT,

    *Relief Defendants.*

_____/

## ORDER

**THIS CAUSE** is before the Court on the Receivers' Motion for Authority To Seek A Bar Order In Connection With A Proposed Settlement [ECF No. 331] (the "Motion"), filed on November 7, 2024. The Receivers seek permission to request a bar order from the state-court judge presiding over now-settled claims asserted against RBL's former accounting firm, Forrest Robinson PLLC ("Forrest Robinson"). [*Id.*]. The Receivers sued Forrest Robinson in state court for professional negligence "for its acts and conduct while performing accounting services for RBL" which operated a Ponzi scheme, bilking thousands of South Floridians out of tens of millions of dollars. [*Id.* ¶¶ 4, 6]; *see* Compl. [ECF No. 1].[1]

---

[1]    RBL's founder, Sanjay Singh, was recently convicted of securities fraud after a jury trial. *United States v. Sanjay Singh,* No. 0:23-cr-60117-DSL [ECF No. 237 (Nov. 6, 2024)].

In the Motion, the Receivers say "Forrest Robinson has conditioned the settlement agreement upon the entry of a bar order precluding any other person, firm or entity from seeking any claim or relief against Forrest Robinson as a result of its providing of accounting services for RBL." [*Id.* ¶ 6]. Plaintiff, Securities and Exchange Commission ("SEC"), has until November 21, 2024, to respond to the Motion; however, the Receivers represent that the SEC "objects to the entry of a bar order in connection with such settlement." [*Id.* ¶ 8]. In light of the SEC's objection, the Receivers believe this Court's approval is needed before they can apply to the state court for entry of a bar order. [*Id.* ¶¶ 8, 10].

The entry of a bar order is an "extraordinary remedy" that "can bar a third party's claim, even though the third party may not be part of the relevant lawsuit or settlement." *See Sec. & Exch. Comm'n v. Quiros*, 966 F.3d 1195, 1199 (11th Cir. 2020) (citation omitted). The Eleventh Circuit has cautioned that courts "should enter bar orders 'cautiously and infrequently and only where essential, fair, and equitable.'" *Id.* (citation omitted). On the other hand, the Eleventh Circuit has stated that there are "[s]everal justifications" for entering bar orders in bankruptcy and receivership cases. *In re Munford, Inc.*, 97 F.3d 449, 455 (11th Cir. 1996). First, "public policy strongly favors pretrial settlement in all types of litigation because such cases, depending on their complexity, 'can occupy a court's docket for years on end, depleting the resources of parties and the taxpayers while rendering meaningful relief increasingly elusive.'" *Id.* at 455 (quoting *U.S. Oil & Gas v. Wolfson*, 967 F.2d 489, 493 (11th Cir. 1992)). Second, litigation costs are particularly burdensome on both bankruptcy and receivership estates due to their financial stability. *Id.* (citation omitted). Third, "bar orders play an integral role in facilitating settlement" because "defendants buy little peace through settlement unless they are assured that they will be protected against codefendants' efforts to shift their losses through crossclaims for indemnity, contribution, and other causes related to the underlying litigation." *Id.* (quoting *U.S. Oil & Gas*, 967 F.2d at 494).

A district court considering entering a bar order must conduct a two-part inquiry: First it must consider whether the bar order is "essential," and, second, it must determine whether it is "fair and equitable, with an eye toward its effect on the barred parties." *Quiros*, 966 F.3d at 1199. "A bar order is essential when it is 'integral' to the settlement." *Id.* In other words, "[a] bar order issued to facilitate a settlement is essential only if is essential to resolving the settling parties' litigation. If the parties would have still resolved their dispute without entry of the bar order, the order is not essential and the court should not enter it." *Id.* at 1200.

When it comes to considering whether a bar order is fair and equitable, the Eleventh Circuit has determined that "[g]iven the similarity between bankruptcy and receivership proceedings, we often apply bankruptcy principles to receivership cases because we have limited receivership precedent." *Id.* at 1199 (citations omitted). Some of the factors considered in the bankruptcy context when determining whether a bar order is fair and equitable are: (1) "the interrelatedness of the claims that the bar order precludes"; (2) "the likelihood of nonsettling defendants to prevail on the barred claim"; (3) "the complexity of the litigation"; and (4) "the likelihood of depletion of the resources of the settling defendants." *In re Munford*, 97 F.3d at 455 (citation omitted).

In the case at bar, the Receivers did not file a copy of the settlement agreement with the Court. The Court is, therefore, unable to evaluate whether entry of a bar order is both essential and equitable. Accordingly, the Court need not await the SEC's response to deny the motion. <u>If the Receivers want this Court to consider entering a bar order barring investors (and others) from "seeking any claim or relief" against Forrest Robinson, they must provide briefing that applies the legal standards set forth above as well as a copy of the settlement agreement</u>.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Receivers' Motion [**ECF No. 331**] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in the Southern District of Florida this 12th day of November, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record
Sanjay, Singh, *pro se*