UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61179-CIV-LEIBOWITZ

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ROYAL BENGAL LOGISTICS, INC., and
SANJAY SINGH,

    Defendants.
_____/

## RECEIVERS' SIXTH QUARTERLY STATUS REPORT FOR THE PERIOD FROM OCTOBER 1, 2024 THROUGH DECEMBER 31, 2024

Paul Lopez and Jennifer Wahba in their capacity as Receivers for Royal Bengal Logistics, Inc. (RBL), by their undersigned attorneys, file this Sixth Quarterly Status Report as to their activities from October 1, 2024 through December 31, 2024 (the "Reporting Period") as follows:

## INTRODUCTION

The Receivers were appointed in their position by this Court on June 21, 2023 as a result of an Order Granting the Securities and Exchange Commission's (SEC) Motion. *See* [DE 11] (the "Receivership Order"). Pursuant to paragraphs 48 and 49 of the Receivership Order, the Receivers were directed to file quarterly status reports. The Receivers have filed five quarterly reports thus far which can be found at DE 100, DE 131, DE 214, DE 298, and DE 328.

While all Receivership proceedings involving Ponzi schemes are different, the situation involving RBL is unique due to several extraordinary factors. As noted in more detail below, beginning on February 1, 2023, management of RBL discontinued making entries into the financial books and records of RBL in the company's QuickBooks software system. This has hampered the Receivers and the Receivers' accounting professionals in the investigation as to the acts and

#3042181v2-221271.0001

conduct of those involved with RBL in determining the true nature of the financial transactions involving the company. Furthermore, rather than utilizing a single investment vehicle and a single bank account to lure investors into depositing money with RBL, management devised multiple schemes for "investment opportunities" which include the following:

- Providing investments to RBL for the purchase of trucks in the investors' names (or corporate entity) to be then leased to RBL where the trucks were to be utilized by RBL in its money-losing trucking operation. A percentage of the trucks were old with excessive miles that were in various states of disrepair, none of which was apparently properly disclosed to investors.
- Providing investments to RBL for the purchase of trucks to be then leased to RBL when no such trucks were ever purchased for the investors.
- Providing unsecured short-term loans to RBL for 90 days with high-interest rates, some of which were in excess of 110% per annum in violation of Florida law.
- Providing unsecured long-term loans to RBL at high interest rates, some of which were in excess of 110% per annum in violation of Florida law.
- Providing loans to RBL for the alleged investment in real estate acquisitions.
- Providing loans to RBL for the fabrication of trailers at the RBL Lubbock, Texas facility.
- Providing loans or equity investments for a purported business operation in India.

While the Receivers, their legal professionals and their accounting professionals have worked diligently in order to be able to submit this quarterly status report that is complete, based upon the lack of financial recordkeeping by RBL and its management, the absence of candor of some of the RBL executives and employees, and the herculean task of reconstructing the financial records of RBL as noted below, the Receivers are unable at this time to provide all of the

information as required by paragraphs 48 and 49 of the Receivership Order. That said, the Receivers have been able to reconstruct significant key information regarding RBL's operations so that this Court can understand RBL's overall status at this point in time.

## SUMMARY OF THE OPERATIONS OF THE RECEIVERS

Below is merely a summary of the services the Receivers and their professionals have rendered to the Receivership estate during this Reporting Period. More detailed descriptions of the services rendered can be found in Tripp Scott's and KM's timesheets attached to the forthcoming Sixth Quarterly Fee Petition.

### Asset Disposition and Business Operations

The Receivers expended time and work during the Reporting Period analyzing and pursuing existing causes of action, as well as analyzing other claims and causes of action that can be brought by the Receivers for the benefit of the RBL creditors and investors. Furthermore, in anticipation of providing an initial distribution to the RBL creditors and investors, the Receivers, their attorneys and staff members worked diligently to analyze the more than 1,500 proofs of claim which have been filed with the Receivers in order to ensure that all documentation and been supplied and that the amounts claimed were stated.

- During the last Reporting Period, the Receivers filed their Renewed Motion for Authorization to Sell Abandoned Vehicles (D.E. 310), in which they requested authorization from this Court to sell the abandoned trucks within their custody, which motion was granted on September 12, 2024 (D.E. 323). The Receivers also had to deal with the administrative problem and issues created by investors and their lenders that had abandoned vehicles which were left in the possession of the Receivers, where the Receivers are required to continue to pay storage charges for these vehicles. As a result of ongoing

#3042181v2-221271.0001

communications with motor vehicle authorities in Florida and Texas, during the next reporting period, the Receivers will be filing a motion for additional Court authority in order to be able to sell and dispose of these vehicles and pass good title to the purchasers.

- During this Reporting Period, the Receivers continued retaining one full-time RBL employee on payroll to assist with the claims administration process. He is responsible for contacting investors to inform them of missing information needed to process their claims forms. During this Reporting Period, the Receivers also hired two law school students from Nova Southeastern University to assist the RBL employee with the claims administration process.

- As more fully set forth below in connection with the criminal proceeding brought by the United States of America against Sanjay Singh, the Receivers were able to gain access to all of the documentary evidence introduced at the criminal trial, much of which had been unavailable to the Receivers prior to being introduced as evidence. As a result of investigations conducted by federal and Florida regulatory and financial authorities, the documentary evidence that was introduced into the criminal trial provides access to the Receivers and their professionals to bank account records, documentation of transfers and other information which appear to be able to lead the Receivers to initiate causes of action to recover assets for the benefit of the estate. The Receivers' staff is currently reviewing all of this documentary evidence in order to create a strategy for the identification and pursuit of any causes of action.

- During this Reporting Period, the Receivers and their counsel are continuing to pursue the ongoing litigation against Ricardi Celicourt and Brisly and Elsie Guillaume for fraudulent transfers. The Receivers' case against Mr. Celicourt is currently set for trial to commence

#3042181v2-221271.0001

in early March 2025. The Receivers have alleged actual fraudulent transfer, constructive fraudulent transfer, and unjust enrichment against Mr. Celicourt stemming from monies he received connected to the RBL Ponzi scheme. The Receivers' case against Mr. and Mrs. Guillaume—in which the Receivers have already obtained partial summary judgment against Mr. Guillaume with respect to their constructive fraudulent transfer claim—is currently set for trial during the court's April 7 through June 13, 2025 trial period. At trial, issues to be tried include whether Mrs. Guillaume is liable for actual fraudulent transfer, constructive fraudulent transfer, and whether the imposition of a constructive trust is appropriate. With regard to Mr. Guillaume, the Receivers will seek to prove their claims of actual fraudulent transfer and constructive trust. Additionally, in conjunction with the SEC, the Receivers are investigating and working with Mr. Celicourt and Mr. and Mrs. Guillaume in order to determine if a reasonable settlement of the claims can be effected without the need for proceeding to trial on the Receivers' claims.

- With respect to the Receivers' lawsuit against Forrest Robinson for professional negligence the parties have entered into a written settlement agreement. The settlement is conditioned upon a bar order being entered by a court of competent jurisdiction, which will preclude any other person, firm or entity from bringing any action against Forrest Robinson arising out of its prior representation of RBL. The Receivers have filed a motion with this Court seeking the authority to enter into the bar order as part of the settlement. The Receivers have been advised by the SEC that it opposes the issuance of such a bar order. As a result, a hearing will be held during the first quarter of 2025 in order for this Court to determine if the Receivers will be granted the authority to obtain the bar order in the pending state court litigation.

- There has been little to no activity involving the NAA Receivership during this Reporting Period due to the fact that Sanjay Singh previously refused to provide any information concerning NAA based upon his Fifth Amendment privilege against self-incrimination.

- During the Reporting Period the Receivers were requested by the office of the United States Attorney for the Southern District of Florida to provide documents and assistance in connection with the criminal trial of Sanjay Singh. Because a lot of the evidence to be used in the criminal trial came from the books and records of RBL, the input and assistance of the Receivers, their counsel and their forensic accounting firm was necessary in order to support the criminal prosecution. When needed, counsel for the Receivers attended the criminal trial in order to provide such assistance. The Receivers were also contacted by the office of the Public Defender for the Southern District of Florida in connection with the defense being provided for Sanjay Singh. Since the Receivers are independent fiduciaries, counsel for the Receivers cooperated with the Public Defender's Office in providing information. Furthermore, the office of Public Defender subpoenaed various documents from the Receivers, and hearings had to be held as to the extent of discovery available from the Receivers' records. During the trial, Paul Lopez, one of the Receivers, testified extensively on behalf of the prosecution, and was required to expend time in the trial preparation. Furthermore, Soneet Kapila, one of the principals of the Receivers' forensic accounting firm was likewise required to testify for the government and to substantially prepare for such testimony. At the conclusion of the criminal trial, the jury unanimously agreed that Mr. Singh was guilty of all eight counts set forth in the criminal indictment. He is currently incarcerated pending sentencing in February 2025.

- At the end of this Reporting Period, RBL's Receivership estate had $4,012,735.91 total cash on hand in the Receivers' RBL Comerica checking and insured sweep accounts, plus approximately $9,900.00 in NAA's Comerica checking account. These amounts do not include any funds frozen in Mr. Singh's or his wife's personal accounts, to which the Receivers do not have access.

- During this Reporting Period, the Receivers as well as their legal counsel dealt with a number of open personal injury and property damage claims that had been asserted by parties involved in vehicle collisions with vehicles leased to RBL. This required dealing with RBL's insurance carrier and its counsel, as well as enforcing the stay against litigation set forth in the Receivership Order. Where appropriate, the Receivers have entered into stipulations to allow litigation against RBL to proceed so long as it was understood that any uninsured portion of any judgment could only be satisfied by the plaintiffs' filing a proof of claim in the Receivership estate. The Receivers and counsel were also required to determine the extent of any insurance deductible obligations that may be due by the Receivership estate as a result of several of claims.

- During a prior Reporting period, a class action had been commenced by a group of investors and RBL against Citibank, one of the banks utilized by RBL during its operations. Since any recoveries from that class action will provide a direct benefit to investors and creditors of the Receivership estate, the Receivers and legal counsel have been cooperating with counsel for the class-action plaintiffs. Citibank removed the case to federal court, and it is currently pending before this Court.

**Asset Analysis and Recovery**

- During this Reporting Period, as partially stated above, the Receivers have been continuing to analyze the bank account records and brokerage account records of RBL in order to determine what, if any, additional causes of action may be brought in connection with the multiple apparent unauthorized and potentially improper transactions with such entities.

- During this Reporting Period, as a result of the Receivers' work with the forensic accountants, it was determined that substantial sums of money were transferred from the RBL accounts directly to Sanjay Singh and Sheetal Singh or to third parties for payment of debts and obligations on their behalf.

- During this Reporting Period, the mortgage lender on the residence of Mr. and Mrs. Singh has obtained a foreclosure judgment, although the public sale of the residence will not take place until February 5, 2025. The Receivers were granted intervention in the foreclosure proceeding and have filed a third-party complaint against Mr. and Mrs. Singh in order to obtain the equity remaining in the residence after the foreclosure sale. A motion to dismiss the third-party complaint was filed by Mrs. Singh, and a hearing will be held on the motion to dismiss in the first quarter of 2025.

**Case Administration**

- The Receivers previously set up a dedicated website (www.rblReceivers.com) and email address (rblreceiver@trippscott.com) to provide information about the progress of the Receivership estate and to answer investors' questions. Updates continue to be sent to investors by email and through the website to advise them of significant developments, including the Receives' intent to make an interim distribution to investors within the first

- quarter of 2025. The Receivers also created another email address (rblclaims@trippscott.com) dedicated to submission of Proof of Claim Forms.

- During the Reporting Period, the Receivers and their counsel continued to receive frequent telephone calls and emails, as well as in-person visits, from investors and creditors asking questions and seeking information about their investments, the Receivership process, and the claims administration process. The Receivers and their counsel have taken the time to respond to each investor call, email, and meeting based on the unique facts and situation of each investor, without rendering legal advice.

**Claims Administration and Objections**

- A large portion of the Receivers' work and time spent during this Reporting Period consisted of Claims Administration. The Receivers and their staff continue to review the Proof of Claim Forms that investors sent by mail, email, and in person to the Receivers. The Receivers' staff are logging the forms' contents in a spreadsheet to evaluate the nature of the claims. The Receivers' staff, including the full-time RBL employee and two law students, are contacting hundreds of investors to obtain missing information or supporting documentation needed to evaluate the claims. The spreadsheet will be used to formulate a proposal for distributions to be approved by the Court. After sorting through duplicates within the more than 1,500 forms received, it appears that there are approximately 1,270 unique investors, not accounting for RBL's unsecured creditors who may also have claims for sums owed during the ordinary course of business.

- During this Reporting Period, the Receivers moved for authorization to make an interim distribution to creditors and investors. *See* [DE 342]. The Court set a hearing date of January 23, 2025, to hear the Receivers' argument on their motion. *See* [D.E. 344]. The

Receivers gave notice to investors by email and by website posting that they are permitted to appear at this hearing or send emails to the Receivers to lodge any objections to the proposed process of the interim distribution.

### A LIST OF ALL KNOWN CREDITORS WITH THEIR ADDRESSES AND THE AMOUNTS OF THEIR CLAIMS

The Receivers have filed a Motion with this Court [DE 94] seeking to defer providing a list of all known creditors with their addresses and the amount of their claims due to the fact that the books and records of RBL have not been able to provide the Receivers with an accurate and complete list of all such creditors. On September 18, 2023, this Court entered an Order [DE 98] granting the Receivers' Motion to defer providing the list of creditors with the last Status Report. Upon the Receivers gaining such information that will permit them to complete such a list, it will be submitted with the next quarterly status report. As noted above, the attached Exhibit A is a list of all known creditors and investors based upon the close to 1,300 proofs of claim that have been filed. Because most of the creditors are individuals entitled to personal information privacy protection, the Receivers are not providing the addresses of the creditors.

### A SCHEDULE OF ALL THE RECEIVERS' RECEIPTS AND DISBURSEMENTS (ATTACHED AS EXHIBIT B), WITH ONE COLUMN FOR THE QUARTERLY PERIOD COVERED AND A SECOND COLUMN FOR THE ENTIRE DURATION OF THE RECEIVERSHIP

The SEC's SFAR report is attached as Exhibit B to this Report.

**Conclusion**

The Receivers are diligently analyzing and recording the investors' proofs of claim in order to be able to make an initial distribution to the investors and creditors as promptly as possible after the Court grants the Receivers' motion.

#3042181v2-221271.0001

          **TRIPP SCOTT, P.A.**
*Counsel to the Receivers*
110 S.E. 6th Street, 15th Floor
Ft. Lauderdale, FL 33301
Phone: (954) 525-7500

By: */s/ Charles M. Tatelbaum*
**Charles M. Tatelbaum**
Florida Bar No. 177540
cmt@trippscott.com
**Corey D. Cohen**
Florida Bar No. 1024891
cdc@trippscott.com
hbb@trippscott.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of January, 2025, I electronically filed the foregoing document via this Court's CM/ECF system which provided a true copy to all those entitled to notice.

By: */s/ Charles M. Tatelbaum*
Charles M. Tatelbaum
Florida Bar No. 177540

#3042181v2-221271.0001