**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:23-cv-61179-LEIBOWITZ/VALLE**

**SECURITIES AND EXCHANGE COMMISSION,**
*Plaintiff,*

*v.*

**ROYAL BENGAL LOGISTICS, INC., et al.,**
*Defendants.*

_________________________________/

# ORDER

**THIS CAUSE** is before the Court upon the Receivers' Motion To Determine Abandonment of Trucks and To Require Issuance of Certificates of Title in Receivers' Names [ECF No. 392] (the "Motion") filed on June 10, 2024. In the Motion, the Receivers ask the Court to (1) determine that the Receivers are the legal owners of the abandoned vehicles subject to the Court's September 12, 2024, Order [ECF No. 323], which authorized the Receivers to sell the vehicles and establish a fund for the proceeds to be disbursed to the lienholders; and (2) require the Florida and Texas departments of motor vehicles to issue certificates of title in the Receivers' names for the abandoned vehicles so the Receivers may sell them free and clear of all liens. [ECF No. 392]. Here, the Receivers seek to remedy their problem of not being able to sell the abandoned vehicles as long as legal title vests in persons other than the Receivers. The Court appreciates that the Receivers are doing their level-best to achieve maximum recovery for fraud victims.

The Court previously denied the Receivers' request to sell the abandoned vehicles "free and clear of any claims of title owners or security interest holders." [See ECF No. 303]. The Court denied that request, in part, because the Receivers failed to establish the Court had the authority to grant it.

[*See id.*]. Similarly, in the instant Motion, the Receivers cite no authority—beyond the Court's broad equitable powers in receiverships—by which this Court may order a state agency (not before it) to do anything. If the Receivers, however, provided the Court with representations from the agencies requesting the Court to order transfer of legal title of the abandoned vehicles to the Receivers, the Court would consider it promptly. In the absence of such representations, and without a full record showing that any order the Court would issue would not cloud title or impermissibly intrude upon state authority, the Court DENIES the Motion.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 392**] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in the Southern District of Florida on June 16, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record