UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-cv-61179-LEIBOWITZ/VALLE

**SECURITIES AND EXCHANGE COMMISSION,**
    *Plaintiff,*

v.

**ROYAL BENGAL LOGISTICS, INC.,** *et al.,*
    *Defendants.*
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Stipulation to Limited Relief from Stay of Litigation as it Applies to Pedro Rodriguez Rodriguez ("Rodriguez") [ECF No. 402] (the "Stipulation") dated September 18, 2025. The Stipulation is between Paul Lopez and Jennifer Wahba in their capacity as Receivers of the Estate of Royal Bengal Logistics, Inc. ("Receivers") and Non-Party, Rodriguez, in the above referenced action (the Receivers and Rodriguez are collectively referred to as "Parties" and individually as a "Party").

## BACKGROUND

On June 21, 2023, this Court entered an Order Granting Plaintiff Securities and Exchange Commission's Emergency Motion for Appointment of Receiver [ECF No. 11] (the "Receivership Order"), which, in turn, appointed Paul Lopez and Jennifer Wahba as Receivers of the Estate of Royal Bengal Logistics, Inc. [*Id.* at 2]. The Receivership Order imposes a stay on litigation against Defendant Royal Bengal Logistics, Inc. ("RBL"). [*Id.* at 2–3]. On November 11, 2023, after the Court's entry of the Receivership Order, Rodriguez commenced an action against RBL in New York Supreme Court, County of Nassau, Index No.: 618426/2023 (the "Action"). Rodriguez now seeks relief from the stay of litigation, but only to the extent of the RBL's existing insurance coverage insofar as such proceeds are not an asset to RBL's receivership estate. The Receivers have no objection to the continuation of

the Action and providing relief from the stay imposed by the Receivership Order on the terms and conditions set forth below.

## TERMS AND CONDITIONS OF THE STIPULATION

The Parties stipulate to the following:

1. The litigation stay will be modified to permit Rodriguez to continue the prosecution of the Action, but only to the extent of the limits of existing insurance coverage that may be applicable to the Action; provided, however, that any settlement of the Action, or judgment rendered in the Action, may not exceed the applicable limits for any such insurance coverage, and provided further that the Receivers shall have no obligation to take part in, spend time on, or expend any assets of RBL's receivership estate in connection with any aspect of the Action including, without limitation, appearing as a witness in any conference, hearing, or examination or responding to discovery requests.

2. Rodriguez waives and releases any and all claims he may have: (a) against the Estate of RBL, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions; and (b) against RBL's insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention.

3. Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Receivers, RBL, and/or any of their respective employees named in the Action (the "Covered Employees") with respect to the allegations related to any of the claims asserted therein who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of any Covered Employees with respect to the Action are hereby expressly reserved.

4. Nothing in this Stipulation is intended to, or does, modify or alter the contractual rights and obligations provided for under the terms and provisions of any relevant insurance policy(ies).

5. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators, and legal representatives.

7. This Stipulation may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of this Court.

8. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms.

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings, or agreements with respect thereto.

10. The United States Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

11. This Stipulation shall be governed by the laws of the State of Florida, and to the extent applicable, the U.S. Code without regard to the State of Florida's rules governing the conflict of laws.

**CONCLUSION**

Upon due consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the STAY in this case [**ECF No. 11**] is MODIFIED to allow Pedro Rodriguez Rodriguez to prosecute

his claims brought in Nassau County, New York against Royal Bengal Logistics, Inc., as set forth in the TERMS AND CONDITIONS of the Parties' Stipulation set forth above.

**DONE AND ORDERED** in the Southern District of Florida on September 23, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

Sanjay Singh, *pro se*
Prisoner # 65098-510
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, FL 33101

and c/o FCI Coleman Low Prison, B-2
P.O. Box 1031
Coleman, FL 33521